[Civ. No. 5573. Fourth Dist. Dec. 12, 1957.]

EDDIE SKIPPER, Appellant, v. GILBERT J. MARTIN CONSTRUCTION COMPANY (a Corporation) et al., Respondents.

*Assigned by Chairman of Judicial Council.

Casey & Kerrigan and Richard J. Weller for Appellant.

Pines & Walsh, Milnor E. Gleaves and Adele Walsh for Respondents.

MUSSELL, J.—This is an action for foreclosure of a mechanic's lien and for money alleged to be due under a contract. The demurrer to plaintiff's second amended complaint was sustained without leave to amend and plaintiff appeals from the judgment of dismissal thereupon entered.

It is alleged in the second amended complaint that the defendants, owners of certain real property in San Bernardino county, were engaged as joint venturers in the construction of 60 houses on said property; that on or about November 30, 1955, plaintiff and defendants entered into the following written agreement:

"This agreement, made this day, November 30, 1955, between GILBERT J. MARTIN CONSTRUCTION Co. and EDDIE SKIPPER for the purpose of framing 60 houses at VISTA MANOR to wit:

"That GILBERT J. MARTIN CONSTRUCTION Co. agrees to furnish payroll, tools and all allied materials and supplies for the purpose of framing said houses.

"EDDIE SKIPPER agrees to furnish all labor and himself as general foreman for the purpose of framing said houses at the basic price of 38c per square foot per house.

"Payment to be made as follows: All labor to be paid no more than scale as established by the Unions. Said wages to be deducted from the net amount as computed by the square footage weekly. Balance or difference to be paid Mr. Skipper less 12½% which takes care of health and welfare benefits and overhead. All houses to pass VA, FHA, County and City inspection before final payment.

> "GILBERT J. MARTIN CONSTRUCTION Co.
> "By /s/ G. C. McDaniel

"EDDIE SKIPPER

"/s/ Eddie Skipper."

Plaintiff further alleged that he has fully kept and performed said agreement; that pursuant to the terms thereof the sum of $32,909.52 became due and owing for work performed pursuant to said contract; that defendants paid $27,-668.18 on said contract, leaving a balance of $5,241.34 unpaid; that in addition to the framing of said houses, the plaintiff also furnished materials and labor, representing extra work and extra materials in said construction, having a value of $1,842.50, in addition to the contract price, which said sum defendants agreed to pay but which is unpaid. Plaintiff also alleged that his only duty under said agreement was to furnish labor and himself as general foreman for the purpose of framing said houses; that the defendants had and exercised active control of all labor and all employees furnished by plaintiff; that plaintiff, acting in his capacity as general foreman, was required to accept orders and direction from the officers of defendant corporations and they actually exercised exclusive control over the laborers secured by plaintiff in framing said houses and actually hired said laborers; that defendants gave directions to plaintiff and said laborers in the manner in which said work was to be performed and paid all wages to said laborers; that defendants paid all withholding taxes, social security payments, unemployment insurance payments, and workmen's compensation covering said laborers; that defendants orally requested plaintiff to obtain the extra materials and labor furnished to defendants.

The mechanic's lien filed by plaintiff recites, inter alia, that "Said lien is claimed for labor and rentals in constructing the buildings on the above described lots furnished at the request of Gilbert J. Martin Construction Company in ac-

cordance with an agreement dated November 30, 1955, for and used in the construction or work of improvement of said buildings between the 25th day of November, 1956 and the 24th day of January, 1956.''

There was no allegation in the complaint that plaintiff was, at the time the work was performed and materials furnished under the contract, a licensed contractor, and it was stipulated that plaintiff did not hold any such license.

Appellant's principal contention is that he was an employee and not a contractor as defined in section 7026 of the Business and Professions Code and therefore was not required to allege and prove he was a licensed contractor.

Section 7026 of said code defines a contractor as ''any person, except an owner . . ., who in any capacity other than as the employee of another with wages as the sole compensation, undertakes to . . . or does himself or by or through others, construct, alter, repair, add to, subtract from, improve, move, wreck or demolish any building, highway, road, railroad, excavation or other structure, project, development or improvement, or to do any part thereof, including the erection of scaffolding or other structures or works in connection therewith.''

Section 7031 provides: ''No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this State for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract.'' These provisions do not apply to any person who engages in the activities therein regulated as an employee with wages as his sole compensation. (Bus. & Prof. Code, § 7053; *Denton* v. *Wiese*, 144 Cal.App.2d 175, 179 [300 P.2d 746].)

In the instant case, plaintiff and defendants entered into a written contract which is clear and unambiguous. Its interpretation is a question of law and the relationship of the parties must be determined therefrom. (*Albaugh* v. *Moss Const. Co.*, 125 Cal.App.2d 126, 130-131 [269 P.2d 936].)

It is apparent that plaintiff's action is principally for a profit upon the labor of those employed by him, based on the price of 38 cents per square foot per house and that he is not an employee with wages as his sole compensation, entitling him to exemption from the license law in performance of the written contract. Under the allegations in the second

amended complaint, plaintiff, having failed to allege compliance with the provisions of section 7031 of the Business and Professions Code, cannot recover on the written contract. (*Albaugh* v. *Moss Const. Co., supra.*) However, it is alleged in said complaint that plaintiff ''also furnished materials and labor, representing extra work and materials in the construction of said dwelling units, having the value of $1,842.50 in addition to the contract price, which the defendants agreed to pay.'' In view of these allegations, we can not here hold that plaintiff could not state a cause of action for the reasonable value of materials furnished to defendants under an implied or oral contract not contemplated by the parties in their written agreement or included therein. There is no provision in the written contract relative to the furnishing of materials by plaintiff.

The general rule is that it is an abuse of discretion to sustain without leave to amend a demurrer to an original complaint unless the complaint shows on its face that it is incapable of amendment. (*Phillips* v. *Phillips*, 137 Cal.App. 2d 651, 653 [290 P.2d 611].) In *Augustine* v. *Trucco*, 124 Cal.App.2d 229, 236 [268 P.2d 780], the court said:

''All that is necessary as against a general demurrer is to plead facts entitling the plaintiff to some relief. (*Tristam* v. *Marques*, 117 Cal.App. 393, 397 [3 P.2d 947].) 'In determining whether or not the complaint is sufficient as against the demurrer, upon the ground that it does not state facts sufficient to constitute a cause of action, the rule is, that if upon a consideration of all the facts stated it appears that the plaintiff is entitled to any relief at the hands of the court against the defendants, the complaint will be held good, although the facts may not be clearly stated, or may be intermingled with a statement of other facts irrelevant to the cause of action shown, or although the plaintiff may demand relief to which he is not entitled under the facts alleged.' (*Matteson* v. *Wagoner*, 147 Cal. 739, 742 [82 P. 436].)''

In *Shook* v. *Pearson*, 99 Cal.App.2d 348, 351 [221 P.2d 757], it was held that ''It is the general rule, as adopted by this court in *Bacon* v. *Wahrhaftig*, 97 Cal.App.2d 599 [218 P.2d 144] (hearing in the Supreme Court denied), that a demurrer which attacks an entire pleading should be overruled if one of the counts therein is not vulnerable to the objection, citing *Lord* v. *Garland*, 27 Cal.2d 840, 853 [168 P.2d 5]. If any count or cause of action in a complaint

setting up several counts or causes of action is good as against demurrer, a judgment of dismissal for insufficiency of the complaint cannot be sustained.''

The record shows that the general demurrer herein is directed to the entire second amended complaint and we conclude that it was error to sustain the demurrer without leave to amend.

The judgment of dismissal is reversed.

Barnard, P. J., concurred.