[Civ. No. 20532.   First Dist., Div. Two.   Dec. 17, 1962.]

FRANK H. FILICE, Plaintiff and Appellant, v. JAMES F. BOCCARDO et al., Defendants and Respondents.

Frank H. Filice, in pro. per., for Plaintiff and Appellant.

Leslie L. Roos, Morgan, Beauzay & Holmes and Robert Morgan for Defendants and Respondents.

SHOEMAKER, J.—Plaintiff Frank H. Filice appeals from a judgment of dismissal entered after defendants' demurrers were sustained without leave to amend.

This action is one to recover damages allegedly resulting from a fraudulent conspiracy perpetrated by defendants James Boccardo, Robert Popelka, Doctor W. Henry Harper, Robert Cimino, Elmer Collett, 15 John Does, and 5 Jane Does.

The pleading is most difficult to follow; however, we believe we have fathomed the relevant allegations of the complaint to be as follows: On August 17, 1951, plaintiff was seriously injured when his automobile was struck by a pickup truck driven by one Dellis Hofer during the course of his employment with the federal government. (Plaintiff's injuries included fractured ribs, damage to both eyes, loss of equilibrium, injury to the nervous and digestive systems, and a chronic brain syndrome so severe as to deprive him permanently of all earning power.)

On August 31, 1951, defendant Boccardo, acting as the attorney for plaintiff, filed a personal injury action number 30854 in the United States District Court, Southern Division, Northern District of California, seeking damages on behalf of Filice from the defendant United States of America. Trial was held on March 13, 1952, plaintiff being represented by defendant Popelka, an associate of Boccardo's; defendant Harper testified as his medical witness; and defendant Collett, a United States Attorney, appeared for the defendant United States of America.

That due to a conspiracy between defendants Boccardo, Popelka, Harper and Collett, Dr. Harper failed to testify as to the true nature of plaintiff's injuries and concealed the fact that he had suffered permanent brain damage. As a direct result of this perjured testimony, plaintiff, in June of 1952, recovered grossly inadequate damages in the amount of $15,000. Defendants Boccardo, Collett and Harper thereafter obtained "filched spoils" in an unknown amount from a secret government fund numbered Misc.-Z-1353876-BF.

Although plaintiff asked defendant Boccardo to appeal from the judgment, Boccardo informed plaintiff that civil suits could not be appealed against the United States Government. At plaintiff's insistence, however, Boccardo did move to vacate the judgment on the ground that new evidence had been discovered. Boccardo intentionally based the motion on this ground because he knew it to be "improper" and he was thereby able to cover up the fraud which he had previously committed.

Plaintiff subsequently employed another attorney, defendant Cimino, to bring suit to vacate the judgment on the theory that the servants of the federal government, in conspiracy with defendant Boccardo, had succeeded in perpetrating a fraud on the trial court in action number 30854, and had thereby deprived plaintiff of adequate damages for the injuries negligently caused by Dellis Hofer. Although defendant Cimino filed a complaint, he failed to have process issued and allowed the complaint to lie dormant until February 16, 1956. In the meantime, defendant Cimino permitted a default judgment to be taken against plaintiff in a suit brought by defendant Harper to recover for services rendered. By these actions, defendant Cimino abetted the conspiracy to deprive plaintiff of just damages in the negligence action.

Upon defendant Cimino's failure to act in good faith, plaintiff engaged the services of yet another attorney, Louis Filice. On October 1, 1956, this attorney succeeded in obtaining a hearing in the United States District Court on the action previously initiated by defendant Cimino. However, when the court asked counsel if he had proof that defendant Harper had knowingly committed perjury during the trial of plaintiff's personal injury action, he arbitrarily refused to produce the evidence in his possession, and so the court refused to vacate the judgment.

The remainder of the complaint deals with the fraudulent acts of various persons not named as defendants.

Defendants Boccardo, Popelka, Harper, Cimino and Collett demurred to the complaint on the grounds that it failed to state a cause of action and was barred by the statute of limitations. The court sustained the demurrers of defendants Boccardo, Popelka and Harper without leave to amend and without specifying the ground upon which the ruling was based. The demurrers of defendants Cimino and Collett were sustained without leave to amend on the ground that the action was barred by the statute of limitations. Judgment of dismissal was accordingly entered in favor of all five defendants.

Since all five respondents raised the statute of limitations as a bar to the action, we turn first to the question of whether or not the judgment in their favor may be upheld on this ground. ■■ The rule is well established that a conspiracy, in and of itself, does not give rise to a cause of action unless a civil wrong has been committed resulting in damage. (*Agnew* v. *Parks* (1959) 172 Cal.App.2d 756, 762 [343 P.2d 118].) ■ In the instant case, the complaint alleges a conspiracy based upon fraud, and the action is accordingly governed by Code of Civil Procedure, section 338, subdivision 4, which sets forth a three-year period of limitation (see *Agnew* v. *Parks, supra,* at p. 766).

■ According to the complaint, the last fraudulent act committed by any of the respondents consisted of Cimino's delaying tactics in connection with appellant's suit to vacate the judgment in the negligence action. The complaint specifically alleges that Cimino's part in the conspiracy terminated on February 16, 1956. The instant action was not commenced until September 25, 1961, more than five years later.

■ Where the face of the complaint reveals that the last fraudulent act occurred over three years before the pleading was filed, the plaintiff may avoid the bar of the statute of limitations only if he pleads discovery of the fraud within three years prior to commencement of the action. (*Douglas* v. *Douglas* (1951) 103 Cal.App.2d 29, 32 [228 P.2d 603] ; *Bainbridge* v. *Stoner* (1940) 16 Cal.2d 423, 430 [106 P.2d 423] ; *Agnew* v. *Parks, supra,* at p. 766.) ■ The complaint in the instant case is entirely silent as to when appellant discovered the existence of the fraudulent conspiracy. Under such circumstances, the complaint lacks an essential allegation.

Although the demurrers were properly sustained, we must consider whether or not the trial court abused its discretion

in denying appellant an opportunity to amend. ▆ Generally, it is an abuse of discretion to sustain a demurrer to the original complaint without leave to amend unless the complaint shows on its face that it is incapable of amendment. (*Temescal Water Co.* v. *Department of Public Works* (1955) 44 Cal.2d 90, 107 [280 P.2d 1]; *Phillips* v. *Phillips* (1955) 137 Cal.App.2d 651, 653 [290 P.2d 611].) ▆ However, the burden is upon the plaintiff to demonstrate that the trial court abused its discretion in denying leave to amend. (*Legg* v. *Mutual Benefit Health & Accident Assn.* (1960) 184 Cal. App.2d 482, 489 [7 Cal.Rptr. 595].) ▆ "Abuse of discretion is not shown where it is not indicated as to the manner in which it is proposed to amend nor the nature of the proposed amendment." (*Schultz* v. *Steinberg* (1960) 182 Cal.App.2d 134, 140-141 [5 Cal.Rptr. 590].)

▆ Appellant has made no attempt, either in the lower court or before this court, to indicate the manner in which he would amend the complaint. In any event, it is apparent from the face of the pleading that an opportunity to amend would not enable appellant to avoid the bar of the statute of limitations. In regard to the fraudulent acts allegedly committed by respondents Boccardo, Popelka, Harper and Collett, the complaint specifically avers that appellant initiated proceedings sometime prior to February 16, 1956, to vacate the judgment in the negligence action. The sole basis for this new action was the fraud which these four respondents had perpetrated upon the trial court. As for respondent Cimino, the complaint reveals that appellant was fully aware of his allegedly fraudulent activities prior to October 1, 1956, when appellant discharged him for bad faith and employed a new attorney. Appellant did not commence the present action until September 25, 1961, nearly five years after he was fully aware of the last fraudulent act committed by any of the respondents. There is thus ample support for the trial court's implied finding that the complaint could not be amended so as to obviate the objections made thereto. This being so, appellant has not sustained the burden of showing that the court abused its discretion in denying him leave to amend.

Judgment affirmed.

Kaufman, P. J., and Agee, J., concurred.

A petition for a rehearing was denied January 10, 1963, and appellant's petition for a hearing by the Supreme Court was denied February 13, 1963.