[Civ. No. 21599. First Dist., Div. Three. Jan. 22, 1965.]

LEONARD L. KIANG, Plaintiff and Appellant, v. THOMAS STRYCULA et al., Defendants and Respondents.

C. L. Keck and Ollie M. Marie-Victoire for Plaintiff and Appellant.

Thomas M. O'Connor, City Attorney, Thomas A. Toomey, Jr., Assistant Chief Deputy City Attorney, and Beatrice Challiss Laws, Deputy City Attorney, for Defendants and Respondents.

SALSMAN, J.—The trial court sustained a general demurrer to appellant's first complaint. Leave to amend was refused. This appeal is from the judgment of dismissal. As a general rule, it is an abuse of discretion to sustain without leave to amend a demurrer to an original complaint unless the complaint shows on its face that it is incapable of amendment. (*Skipper* v. *Gilbert J. Martin Constr. Co.,* 156 Cal.App.2d 82, 86 [318 P.2d 732]; *Filice* v. *Boccardo,* 210 Cal.App.2d 843, 847 [26 Cal.Rptr. 789].) We have concluded here, however, that appellant cannot successfully amend so as to state a cause of action; that the trial court's ruling was correct, and that the judgment must be affirmed.

Appellant's complaint alleged that on February 1, 1960, he was "employed as a probation officer . . . by the City and County of San Francisco . . ." and that respondents "did intentionally, wilfully, maliciously and falsely issue and cause to be issued oral and written statements that plaintiff was unsuited and unqualified for duties as a pro-

bation officer.'' Appellant further alleged that ''all of the acts complained of herein were outside the scope and agency relationship or employment of the defendants . . . with the City and County of San Francisco; that said acts were the personal and individual acts of the defendants . . .'' Finally it was alleged that ''On February 1, 1960, plaintiff was the holder and owner of certain property rights as to income and retirement benefits . . .'' commensurate with appellant's status as a probation officer, and that as a result of respondents' false acts appellant's property rights were damaged.

Appellant argues that he has attempted to state a cause of action in tort for inducing a breach of contract, and that if given an opportunity to amend he can state a valid cause of action. He refers to the Restatement of Torts, section 766, which declares that ''one who, without a privilege to do so, induces or otherwise purposely causes a third person not to (a) perform a contract with another, or (b) enter into or continue a business relation with another is liable to the other for the harm caused thereby.'' Of course the tort of inducing breach of contract is well recognized in California. (See *Imperial Ice Co.* v. *Rossier,* 18 Cal.2d 33 [112 P.2d 631]; *Speegle* v. *Board of Fire Underwriters,* 29 Cal.2d 34 [172 P.2d 867]; *Remillard-Dandini Co.* v. *Dandini,* 46 Cal.App. 2d 678, 680 [116 P.2d 641].) The essential elements of such a cause of action and the matters which must ordinarily be alleged are set forth in *Freed* v. *Manchester Service, Inc.,* 165 Cal.App.2d 186, 190 [331 P.2d 689]. Respondents' reply is that, even if appellant has such a cause of action, the complaint shows on its face that any such cause of action is barred by the statute of limitations. We think respondents' position is correct.

The statute of limitations applicable to the tort of inducing breach of contract is that stated in Code of Civil Procedure section 339, subdivision 1. It is there provided: ''Within two years: 1. An action upon a contract, obligation or liability not founded upon an instrument of writing, other than that mentioned in subdivision 2 of section 337 of this code; . . .''

The application of Code of Civil Procedure section 339, subdivision 1, to a cause of action such as that described in appellant's complaint is discussed by *Witkin* in 1 *California Procedure* (1954) Actions, section 139, pages 648-49: ''C.C.P. 339(1), the 2-year statute covering an action upon 'a contract, obligation or liability not founded upon an instrument in writing,' is not restricted to unwritten contract and quasi-

contract actions . . . The provision is a catch-all for unusual tort actions not otherwise provided for. To understand its scope we must first eliminate all actions based on intentional or negligent wrongs which result in injuries to the *person or reputation* . . ., or injury to or loss of *real property* or *tangible personal property* . . ., and actions based on fraud or statutory liabilities . . . What tort actions remain? . . . (1) Intentional wrongs involving *intangibles*. . . .''

■ Here the tort of inducing breach of contract clearly comes within the scope of Code of Civil Procedure section 339, subdivision 1, because liability for such conduct is not founded upon an instrument in writing and relates only to such intangible interests as appellant may have had in his employment and retirement rights with the City and County of San Francisco. (See *Murphy* v. *Hartford Acc. & Indem. Co.*, 177 Cal.App.2d 539, 543-544 [2 Cal.Rptr. 325].) ■ It is apparent from the allegations of appellant's complaint that the conduct complained of occurred on February 1, 1960. His complaint was filed January 29, 1963, just three days less than three years after the events which gave rise to his cause of action. Thus, even if permitted to amend his complaint to overcome admitted deficiencies in the statement of his cause of action, the bar of the statute cannot be avoided. There is therefore ample justification for the trial court's order denying leave to amend. (See *Filice* v. *Boccardo, supra,* 210 Cal.App.2d 843, 847.)

The judgment is affirmed.

Draper, P. J., and Devine, J., concurred.