[Civ. No. 11264. Third Dist. Feb. 1, 1967.]

G. KEITH KENWORTHY et al., Plaintiffs and Appellants, v. CHARLES BROWN et al., Defendants and Respondents.

Robert Carl Anderson for Plaintiffs and Appellants.

McDonough, Holland, Schwartz, Allen & Wahrhaftig, Barlow V. Goff, Diepenbrock, Wulff & Plant and Forrest A. Plant for Defendants and Respondents.

REGAN, J.—This is an appeal by plaintiffs from a judgment of dismissal entered by the court following its order sustaining defendants' demurrer to the second amended complaint without leave to amend.

A complaint entitled "Fraudulent Conspiracy to Induce a Breach of Contract" was filed on October 17, 1963, and amended on October 21, 1963, by plaintiffs.

Defendants herein demurred to the first amended complaint. Other named defendants filed motions to strike.

Plaintiffs' second amended complaint named only Brown and Ose as defendants, and alleged:

Defendants wilfully and maliciously conspired between March 30, 1961, and April 18, 1961, to deprive plaintiffs of the benefits of a contract they had previously entered into with the State of California (hereinafter called "the State"). By the terms of the said contract, dated November 15, 1960, plaintiffs were to construct a building, and upon its completion the State would lease the building from plaintiffs for use of the Bureau of Criminal Identification and Investigation. As a result of defendants' conduct, the State breached its contract with plaintiffs on April 18, 1961, and thereafter awarded the same contract to defendants.

Plaintiffs seek damages in an amount of $10,510,000.

Defendants demurred to the second amended complaint on the ground the action was barred by the statute of limitations under the provisions of Code of Civil Procedure, section 339, subdivision 1.

The demurrer was sustained without leave to amend and judgment entered.

On appeal from a judgment entered upon an order sustaining a demurrer without leave to amend, the appellate court must accept the allegations of the complaint as true. (*Heieck & Moran* v. *City of Modesto,* 64 Cal.2d 229 [49 Cal. Rptr. 377, 411 P.2d 105] ; *Corman* v. *Blanchard,* 211 Cal.App. 2d 126 [27 Cal.Rptr. 327].)

Defendants rely upon Code of Civil Procedure, section 339, subdivision 1, which provides, in general, that the statute of limitations is for two years for "An action upon a contract, obligation or liability not founded upon an instrument of writing. . . ."

The provisions of subdivision 1 of section 339 have been referred to as a "catch-all" for unusual tort actions not otherwise provided for. (1 Witkin, Cal. Procedure (1954) Ac-

tions, § 139, p. 648; *Kiang* v. *Strycula,* 231 Cal.App.2d 809 [42 Cal.Rptr. 338].)

On appeal plaintiffs claim the court could have applied section 343 of the Code of Civil Procedure, which states: "An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued."

In order to decide which statute of limitations is applicable in this case, we must first determine the legal basis of plaintiffs' action.

 There is no cause of action for civil conspiracy itself; an actionable wrong that is the *subject* of the conspiracy must be alleged in order to state a cause of action. (2 Witkin, Cal. Procedure (1954) Pleading, § 469, p. 1457; *McFaddin* v. *H. S. Crocker Co.,* 219 Cal.App.2d 585, 591 [33 Cal.Rptr. 389]; *Agnew* v. *Parks,* 172 Cal.App.2d 756, 762 [343 P.2d 118].)

The second amended complaint alleges a conspiracy by defendants to induce a breach of the contract which existed between plaintiffs and the state.

 In any action based on a civil conspiracy the statute of limitations is determined by the *nature* of the action in which the conspiracy is alleged—in this case, the tort of inducing breach of contract. (*McFaddin* v. *H. S. Crocker Co., supra,* 219 Cal.App.2d 585.)

The statute of limitations applicable to the tort of inducing breach of contract is that stated in Code of Civil Procedure, section 339, subdivision 1, which is two years. (*Kiang* v. *Strycula, supra,* 231 Cal.App.2d 809, 812.)

 A cause of action based on civil conspiracy accrues on the date of the commission of the last overt act in pursuance of the conspiracy. (*Schessler* v. *Keck,* 125 Cal.App.2d 827, 832-833 [271 P.2d 588].)

 Plaintiffs state that it is not possible from the face of the complaint to determine that two years has elapsed since the accrual of the within cause of action.

The second amended complaint, on its face, alleges that the state actually breached its contract with plaintiffs on April 18, 1961, and that subsequently, "after April 18, 1961," defendants contracted with the state to perform the services plaintiffs had been going to perform by its prior contract with the state.

By this reference to "after April 18, 1961," plaintiffs contend the second amended complaint shows only that the action *may* be barred, and a demurrer does not lie if the pleading

merely shows that the action may be barred. (*County of Los Angeles* v. *Security First National Bank*, 84 Cal.App.2d 575, 580 [191 P.2d 78].)

 While it is true a demurrer lies only for defects appearing on the face of the complaint, a complaint may be rendered defective by proof of admissions made in a superseded pleading by the plaintiff in the same case. (2 Witkin, Cal. Procedure (1954) Pleading, § 483, p. 1470; *Lee* v. *Hensley*, 103 Cal.App.2d 697 [230 P.2d 159].)

 Generally, after an amended pleading has been filed, courts will disregard the original pleading. (*Meyer* v. *State Board of Equalization*, 42 Cal.2d 376 [267 P.2d 257].)

However, an exception to this rule is found in *Lee* v. *Hensley, supra,* at pages 708-709, where an amended complaint attempts to avoid defects set forth in a prior complaint by ignoring them. The court may examine the prior complaint to ascertain whether the amended complaint is merely a sham. (*Lamoreux* v. *San Diego etc. Ry. Co.*, 48 Cal.2d 617 [311 P.2d 1].)

 In their first amended complaint plaintiffs stated that on May 15, 1961, the State and defendants entered into a contract by the terms of which defendants were to render the services to the State which plaintiffs would have performed under their contract but for the breach caused by defendants' conspiracy. Now, in their second amended complaint, plaintiffs seek to vaguely express the date such contract was entered into as merely being sometime "after April 18, 1961."

Plaintiffs had full knowledge that the date of May 15, 1961, was the exact date upon which defendants and the State contracted together as the alleged culmination of the conspiracy described by plaintiffs, and plaintiffs' obvious subterfuge in their second amended complaint, by referring to such event as having occurred "after April 18, 1961," is far too obvious to be overlooked by this court.

The court may take notice of the date of May 15, 1961, as the date upon which the last overt act necessary to complete the alleged conspiracy occurred. (*Lee* v. *Hensley, supra,* 103 Cal.App.2d 697.)

 The within action having been filed on October 17, 1963, more than two years had elapsed since the date of the accrual of the cause of action based on a conspiracy to induce breach of contract, and the plaintiffs are therefore barred

under the terms of Code of Civil Procedure, section 339, subdivision 1, from proceeding further in this matter.

Plaintiffs' contention that they could amend their complaint to state a cause of action of the theory of quasi contract or constructive trust, and thus bring themselves within the four-year statute of limitations provided for in Code of Civil Procedure, section 343, above cited, is without merit.

The statute of limitations to be applied is determined by the nature of the right sued upon, not by the form of the action or relief demanded. (*Jefferson* v. *J. E. French Co.*, 54 Cal.2d 717, 718 [7 Cal.Rptr. 899, 355 P.2d 643]; *Leeper* v. *Beltrami*, 53 Cal.2d 195 [1 Cal.Rptr. 12, 347 P.2d 12, 77 A.L.R.2d 803].)

The right to amend is properly denied when it is obvious that plaintiff is seeking the legally impossible. (*Kiang* v. *Strycula, supra*, 231 Cal.App.2d 809.)

Plaintiffs' other contentions as to possible subsequent dates upon which the cause of action could have accrued are likewise without merit.

The judgment of the lower court is affirmed as entered.

Pierce, P. J., and Friedman, J., concurred.

A petition for a rehearing was denied March 1, 1967, and appellants' petition for a hearing by the Supreme Court was denied March 29, 1967.