[No. B034096. Second Dist., Div. Seven. Aug 9, 1989.]

PARVIS AMID, Plaintiff and Appellant, v.
HAWTHORNE COMMUNITY MEDICAL GROUP, INC., et al.,
Defendants and Respondents.

**COUNSEL**

Frankovich & Seligman and James R. McGrath for Plaintiff and Appellant.

Rexon, Freedman & Klepetar, Debby R. Hambleton, Tobin, Lucks & Goldman, Edwin J. Lucks and Darrin F. Meyer for Defendants and Respondents.

**OPINION**

**WOODS (Fred), J.**—A general demurrer to appellant's fourth amended complaint (FAC) was sustained without leave to amend, an order of dismissal entered, and appellant appealed from the judgment.

Appellant was a surgeon employed by respondent[1] hospital. The hospital's board of directors adopted a peer review committee's evaluation of appellant's medical performance and sent a copy of the report's recommendations to an affiliated health insurer. Appellant's five causes of action (breach of contract, intentional breach of confidential relationship, negligent breach of confidential relationship, interference with prospective business advantage, and negligence) are based upon respondents' disclosure of this report to the health insurer.

We hold that the demurrer to appellant's FAC was properly sustained without leave to amend.

## DISCUSSION

### 1. *Standard of Review*

In reviewing the sustaining of a demurrer without leave to amend we apply these well settled rules: the factual allegations of the complaint are

---

[1] Ivan J. Kamil, M.D., the hospital's managing director, and Ivan J. Kamil, M.D., Inc., are also respondents.

deemed true (*Perdue* v. *Crocker National Bank* (1985) 38 Cal.3d 913, 922 [216 Cal.Rptr. 345, 702 P.2d 503]), difficulty of proof is irrelevant (*ibid.*), the complaint should be liberally (*Krawitz* v. *Rusch* (1989) 209 Cal.App.3d 957, 962 [257 Cal.Rptr. 610]) but reasonably construed (*Dale* v. *City of Mountain View* (1976) 55 Cal.App.3d 101, 105 [127 Cal.Rptr. 520]), and appellant need only plead facts showing he is entitled to some relief. (*Ibid.*)

■ "While a demurrer admits all material and issuable facts, properly pleaded, it does not admit contentions, deductions or conclusions of law." (*Ibid.*) And "where an allegation is contrary to law or to a fact of which a court may take judicial notice, it is to be treated as a nullity." (*Ibid.*) The court may take judicial notice of such records as appellant's affidavits (*Del E. Webb Corp.* v. *Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604 [176 Cal.Rptr. 824]) and prior complaints in the same action ((*Perdue* v. *Crocker National Bank, supra,* 38 Cal.3d 913, 923, fn. 5).

■ Although "[g]enerally, after an amended pleading has been filed, courts will disregard the original pleading" (*Kenworthy* v. *Brown* (1967) 248 Cal.App.2d 298, 302 [56 Cal.Rptr. 461]), they will not do so "where an amended complaint attempts to avoid defects set forth in a prior complaint by ignoring them. The court may examine the prior complaint to ascertain whether the amended complaint is merely a sham." (*Ibid.*)

In assessing whether or not the central cause of action, breach of contract, in the FAC is a sham we make no search for inadvertently misstated facts or legal misinterpretations. (*Hill Trans. Co.* v. *Southwest Forest Industries, Inc.* (1968) 266 Cal.App.2d 702, 709 [72 Cal.Rptr. 441].) Nor do we consider factual matters asserted by respondents. We only evaluate appellant's pleadings, exhibits, legal memoranda, and other parts of the record (available to the three superior court judges who on four occasions sustained demurrers) on appeal.

2. *Sham Pleading: Breach of Contract*

Appellant's initial complaint alleged a "contractual relationship" with Hawthorne Community Medical Group, Inc. (HCMG), breach of that contract by HCMG's disclosure of the peer group evaluation report (report),[2] and proximately caused damage.

---

[2] Five HCMG doctors prepared an evaluation of four cases handled by appellant and recommended he be placed on probationary observation for one year subject to various conditions. The hospital's board of directors adopted their recommendations, and in a two-page document containing no patient information, statements by appellant, or other evidence, specified the terms of appellant's probationary observation. It is this two-page document which is the "report."

As respondents' demurrer and accompanying points and authorities pointed out, appellant had not stated whether the alleged contract was written, oral, or implied, what its terms were, and whether there was a no disclosure term.

The hearing on this demurrer was put off calendar by the filing of appellant's first amended complaint. However, the first amended complaint left the breach of contract cause of action unchanged.

The clerk's minutes reflect these sustaining of the demurrer comments by the trial court: "Was the contract oral or written? When was it entered? What are its essential terms? Who are the parties to it?" Appellant was given 20 days leave to amend.

In the second amended complaint appellant alleged "Plaintiff entered into written employment contracts with the defendants in June 1981 and June 1983. In addition, the contractual relationship between the parties was further modified by oral agreement thereafter. Pursuant to the terms of the contract, plaintiff provided professional services to the defendant, which consisted largely of rendering diagnosis, care and treatment to Maxicare subscribers, in exchange for compensation."

Respondents, in their demurrer to this complaint, again cited appellant's failure to set out the terms of the alleged contract or to allege that nondisclosure of the report was one of those terms. Respondents, in their memorandum of points and authorities accompanying their demurrer, stated, "[i]t should be noted that this is not a technical failure on the part of plaintiff. The plaintiff is not alleging that an implied contract existed by virtue of the alleged fiduciary duty owed by defendants to plaintiff. Instead, the plaintiff is specifically alleging that the written employment contract as orally modified, between plaintiff and HCMG, was breached by the alleged act of the defendant in revealing the 'Risk Management Committee Report' [report] to Maxicare."

Appellant's response to this increasingly focused pleading attack, viz., that appellant was relying upon an express contract, not an implied one, but had failed to allege that it contained the essential nondisclosure term, is revealing. He stated[3] "[t]he question here is not whether the written employment contract had any provisions specifically relating to disclosure of the Risk Management Committee Report [report], but rather, whether the parties contemplated that such conduct would be permissible under the terms of the employment relationship, and the duties arising therefrom. It is clear

---

[3] In his opposition to the demurrer.

that breach of a confidential duty by parties to an employment contract which will intentionally and/or foreseeably ruin the career of another party to the contract violates the covenant of good faith and fair dealing. . . . [¶] Accordingly, plaintiff has properly pled a cause of action for breach of contract."

Thus appellant, despite having pleaded an express contract and not having pleaded an implied contract, now stated that his breach of contract cause of action was based upon an implied contract (covenants of good faith and fair dealing) and *not* based on any express contract, either written or oral.

A second superior court judge, in sustaining the demurrer with 30 days leave to amend, commented "[t]he disclosure of the RMCR [report] does not appear to be actionable."

In his third amended complaint appellant made two changes to his breach of contract cause of action. He, for the first time, alleged that pursuant to their contractual relationship respondents "owed to plaintiff a duty of good faith and fair dealing" and that respondents "breached the contract with plaintiff, including the implied covenant of good faith and fair dealing" by disclosing the report.

To respondents' demurrer and continued attack that appellant had still failed to allege what term of the written or oral contract was breached and that appellant was *not* alleging an implied contract, appellant's entire rejoinder was the following: "Contrary to defendants' assertion Plaintiff does set forth the contractual duty of good faith and fair dealing in paragraph 32 of the Third Amended Complaint. It is further alleged that the defendants breached this contractual duty by arbitrarily disclosing the Risk Management Committee report to Maxicare. This constitutes a breach of the implied covenant of good faith and fair dealing.

"It is clear that intentional breach of a confidential duty by parties to an employment contract which will foreseeably ruin the career of another party to the contract violates the covenant of good faith and fair dealing. In sum, plaintiff has properly pled a cause of action for breach of contract."

Appellant had thus made his position clear. His cause of action, labelled "breach of contract," was not based upon any express term of nondisclosure, either written or oral. In four pleadings he had alleged no such term. Instead, it was based upon an *implied* contract, covenants of good faith and fair dealing.

As the court stated in sustaining the demurrer, again allowing leave to amend: "Although titled as a cause of action for breach of contract, this sounds more like a cause of action for breach of an implied covenant of good faith and fair dealing. Make up your mind. If it is breach of contract, what provision of the contract was breached? If it is a breach of an implied covenant, what is the special relationship? What is the legal rationale for this cause of action on these facts? [¶] Judge Munoz will have this case after January 1, not me, but I'll tell you that as far as I'm concerned, this is the final opportunity to amend."

In his FAC filed almost two years after his initial complaint, having failed to allege an express nondisclosure term in four earlier complaints and having adopted a position in his prior complaint that there was no such express nondisclosure term, appellant alleged an explicit oral contract of nondisclosure. He alleged, "[i]n or about August 1984, Defendant, HCMG, by and through its Medical Director, Defendant, IVAN J. KAMIL, M.D., orally agreed with plaintiff that all aspects of, including any reports, writings, transcripts, or memoranda pertaining to the Risk Management Committee evaluation of plaintiff would remain confidential, and would not be distributed to, discussed with, or in any way revealed to any person or entity outside HCMG. Plaintiff agreed to participate in and cooperate with the Risk Management Committee evaluation specifically based upon said representation of complete confidentiality by defendants."

Omitted from this FAC was any mention of good faith or fair dealing covenants.

Appellant's abrupt and contradictory change of position is similar to *Owens* v. *Kings Supermarket* (1988) 198 Cal.App.3d 379 [243 Cal.Rptr. 627]. There the plaintiff initially alleged that he was injured, in a roadway, used as a parking area, adjacent to the sidewalk at the front of defendants' market. When defendants' demurrers were sustained because they had no duty towards plaintiff regarding property, the roadway, they didn't own, plaintiff finally added "an allegation that plaintiff was on defendants' premises when he was injured." (*Id.,* at p. 383.)

The *Owens* trial court, in sustaining the demurrer to this amended complaint, properly disregarded this belated allegation. The Court of Appeal stated "the policy against sham pleading permits the court to take judicial notice of the prior pleadings and requires that the pleader explain the inconsistency. If he fails to do so the court may disregard the inconsistent allegations." (198 Cal.App.3d at p. 384.)

■ Here, as in *Owens* v. *Kings Supermarket,* no explanation for this pleading inconsistency having been offered, the trial court was entitled to

conclude that appellant's breach of contract cause of action was a sham. "A court has inherent power by summary means to prevent an abuse of its process and peremptorily to dispose of sham causes of action." *Kessler* v. *Lauretz* (1974) 39 Cal.App.3d 441, 446-447 [114 Cal.Rptr. 42]. See also *Kiseskey* v. *Carpenters' Trust for So. California* (1983) 144 Cal.App.3d 222, 228-229 [192 Cal.Rptr. 492].)

We hold that the court properly sustained without leave to amend the demurrer to appellant's "breach of contract" cause of action.[4]

### 3. *Intentional Breach of Confidential Relationship*

■ Appellant cites five bases for the alleged confidential relationship: 1. the oral contract; 2. his employee-employer relationship; 3. his shareholder status with respondent hospital; 4. his having placed trust and confidence in respondents; and 5. the confidential nature of his physician-patient relationship.

None of these bases will support the alleged confidential relationship. The sham oral contract has already been discussed. A bare employee-employer relationship does not create a confidential relationship (*Odorizzi* v. *Bloomfield School Dist.* (1966) 246 Cal.App.2d 123, 129 [54 Cal.Rptr. 533]); appellant's shareholder status was irrelevant to the peer evaluation of his competence as a doctor and was extraneous to the report and its disclosure to an affiliated health insurer; appellant's "mere placing of a trust in another person does not create a fiduciary relationship" (*Zumbrun* v. *University of Southern California* (1972) 25 Cal.App.3d 1, 13 [101 Cal.Rptr. 499, 51 A.L.R.3d 991]); and the disclosed report contained no patient information nor statements by appellant. Although participants in peer review evaluations cannot be *forced* to disclose review contents (Evid. Code, § 1157) those contents are not privileged. (*West Covina Hospital* v. *Superior Court* (1986) 41 Cal.3d 846 [226 Cal.Rptr. 132, 718 P.2d 119, 60 A.L.R.4th 1257].)

The court properly sustained the demurrer to this cause of action.

### 4. *Negligent Breach of Confidential Relationship*

A fortiori appellant failed to sufficiently allege a cause of action for negligent breach of confidential relationship.

---

[4] We need not consider such alternative grounds for the court's order as: the oral contract was without consideration (Civ. Code, § 1605); the written contract was integrated and any oral promise was barred by the parol evidence rule (*Masterson* v. *Sine* (1968) 68 Cal.2d 222, 225 [65 Cal.Rptr. 545, 436 P.2d 561]; *Hanrahan-Wilcox Corp.* v. *Jenison M. Co.* (1937) 23 Cal.App.2d 642, 646 [73 P.2d 1241]); and the oral contract violated the statute of frauds (Civ. Code, § 1624; *Summerhays* v. *Scheu* (1935) 10 Cal.App.2d 574, 577 [52 P.2d 512].)

### 5. *Interference With Prospective Business Advantage*

■ The elements of this tort are: "1) an economic relationship between the plaintiff and some third person containing the probability of future economic benefit to the plaintiff; 2) knowledge by the defendant of the existence of the relationship; 3) intentional acts on the part of defendant designed to disrupt the relationship; 4) actual disruption of the relationship; and 5) damages proximately caused by the acts of defendant." (*Asia Investment Co.* v. *Borowski* (1982) 133 Cal.App.3d 832, 840-841 [184 Cal.Rptr. 317, 30 A.L.R.4th 561].)

■ Among the elements appellant failed to sufficiently plead was an economic relationship with a third party. The trial court, in sustaining the demurrer to this cause of action, properly found appellant's references to "his medical practice, and in his right of employment with individual patients that he evaluated and treated, and that he might evaluate and treat in the future" inadequate. (See also *Buckaloo* v. *Johnson* (1975) 14 Cal.3d 815 [122 Cal.Rptr. 745, 537 P.2d 865]; *Seaman's Direct Buying Service Inc.* v. *Standard Oil Co.* (1984) 36 Cal.3d 752, 766 [206 Cal.Rptr. 354, 686 P.2d 1158].)

### 6. *Negligence*

■ Although a contract may create a duty whose breach is a tort (*Eads* v. *Marks* (1952) 39 Cal.2d 807, 810 [249 P.2d 257]), the contract between appellant and respondents imposed no duty upon respondents to keep secret the report. Its disclosure to an affiliated health insurer breached no duty and therefore constituted no tort. The court properly sustained the demurrer to this cause of action.

### DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondents.

Lillie, P. J., and Johnson, J., concurred.