[No. A048403. First Dist., Div. Three. Apr. 30, 1991.]

MARTHA RAUBER et al., Plaintiffs and Appellants, v.
JERRY R. HERMAN, as District Attorney, etc., et al., Defendants
and Respondents.

**COUNSEL**

John F. K. Welch, Gary James Wood and Linda Earle Bertenthal for Plaintiffs and Appellants.

Douglas J. Maloney, County Counsel, and Mari-Ann G. Rivers, Deputy County Counsel, for Defendants and Respondents.

---

OPINION

STRANKMAN, J.—Appellants Martha Rauber and Katherine Williams (plaintiffs) appeal from the dismissal of their complaint following the sustaining of a demurrer without leave to amend. We affirm.

## I. *Allegations of Complaint and Demurrer*

The complaint alleged that plaintiffs are former and current recipients of assistance under the Aid to Families with Dependent Children program (AFDC) and food stamp program, and that they bring the action in their capacity as taxpayers to enjoin the expenditure of public funds in violation of governing state law. The complaint named as defendants Jerry R. Herman, the District Attorney for the County of Marin (hereafter the County); the Marin County Board of Supervisors; Dennis Brown, Director, Marin County Department of Health and Human Services; and Richard Arrows, Auditor-Controller for the County of Marin.

The complaint further alleged the following. Plaintiffs received notice from the County that the County had determined that they had received overpayments of benefits. Plaintiffs each filed a request for a fair hearing pursuant to Welfare and Institutions Code section 10950[1] et seq. to challenge the County's determination. Hearings were conducted at which the County was represented by the district attorney. The County has appointed a county counsel. Under Government Code sections 26529 and 27642, the district attorney may only discharge the duties of a public prosecutor, and representation of the County at an administrative fair hearing under section 10950, which is a civil proceeding, is not consistent with the duties of a prosecutor.

Plaintiffs sought a declaration that the district attorney's representation of the County in section 10950 hearings constituted a violation of Government Code sections 26529 and 27642, and injunctive relief on the ground the participation of the district attorney at these hearings constituted an

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

illegal expenditure of public funds and violated their federal and state constitutional due process rights.

Defendants demurred to the complaint on the ground it failed to state facts sufficient to constitute a cause of action (Code Civ. Proc., § 430.10, subd. (e)) because as a matter of law the district attorney is not barred from participating in an administrative proceeding simply because it is characterized as a civil matter. They also demurred on the ground the complaint was uncertain in that it could not be ascertained on what basis plaintiffs contended the district attorney was exceeding the scope of his prosecutorial duties because participation in a civil proceeding falls within his duties as a prosecutor.

The trial court sustained the demurrer without leave to amend, stating in support of its ruling that (1) no statute or county ordinance prohibits the district attorney's presence from, or participation in, any proceeding solely because it is civil in nature; (2) there is a reasonable connection between administrative fair hearings under section 10950 which may involve suspected welfare fraud and the prosecution by the district attorney of welfare fraud cases; and (3) district attorney participation in section 10950 administrative fair hearings is in aid of and auxiliary to the enforcement of the criminal law and thus compatible with the nature and duties of the public prosecutor role.

## II. *Issues on Appeal*

■ For the purpose of review of the sustaining of the demurrer without leave to amend, we deem true the factual allegations of the complaint, and determine whether plaintiffs pled facts showing they are entitled to some relief under any legal theory. (See *Amid* v. *Hawthorne Community Medical Group, Inc.* (1989) 212 Cal.App.3d 1383, 1387 [261 Cal.Rptr. 240].) Where an allegation is contrary to law or to a fact of which the court may take judicial notice, it is to be treated as a nullity. (*Ibid.*)

The primary issue raised by the allegations of the complaint is whether the district attorney, in a county where there is an appointed county counsel, may represent the county or participate in any way in a section 10950 fair hearing, or whether such participation exceeds the role of public prosecutor in violation of Government Code sections 26529 and 27642.

The secondary issue is whether the district attorney's participation at the section 10950 hearing deprived plaintiffs of due process of law, independent of any violation of the Government Code.

### III. *Discussion*

A. *District Attorney's Role and Duties Established by Government Code.* We first review the statutory and other authority establishing the specific role and duties of a district attorney. The district attorney is designated by statute as an officer of the county. (Gov. Code, § 24000, subd. (a).) The duties and restrictions imposed on a district attorney are prescribed by statute. (Gov. Code, § 26500 et seq.) Government Code section 26500 provides that "[t]he district attorney is the public prosecutor . . . [¶] [who] shall attend the courts, and within his or her discretion shall initiate and conduct on behalf of the people all prosecutions for public offenses."

In addition to the role of public prosecutor, the district attorney is responsible for certain civil legal services specified in Government Code sections 26520 through 26528. For example, the district attorney must render legal services to local public entities as requested; prosecute or defend certain actions brought by or against the county auditor or treasurer; and prosecute actions for the recovery of debts, fines, penalties, and forfeitures; among other functions.

■ The statutory scheme narrowly enumerating the types of civil legal services which a district attorney may perform expresses the Legislature's general mandate that such officers not use their funds and powers to intervene in private litigation. (*Safer* v. *Superior Court* (1975) 15 Cal.3d 230, 237 [124 Cal.Rptr. 174, 540 P.2d 14].)

Government Code sections 26529 and 27642 further circumscribe the functions of a district attorney in counties which have a county counsel. Under these sections, the county counsel generally supplants the district attorney in the provision of civil legal services. (*Harvey* v. *County of Butte* (1988) 203 Cal.App.3d 714, 720 [250 Cal.Rptr. 65].) Government Code section 26529 provides that in counties which have a county counsel, "the county counsel shall discharge all the duties vested in the district attorney by Sections 26520, 26522, 26523, 26524, and 26526. The county counsel shall defend or prosecute all civil actions and proceedings in which the county or any of its officers is concerned . . . ." Government Code section 27642 provides that whenever the board of supervisors appoints a county counsel pursuant to Government Code section 27640 (which is the case in Marin County), "he shall discharge all the duties vested by law in the district attorney other than those of a public prosecutor."

■ Notwithstanding Government Code sections 26529 and 27642, certain functions not amounting to the prosecution of a criminal offense may nevertheless fall within the ambit of the district attorney's prosecutorial role, and therefore may be performed by the district attorney even where there is a county counsel. As clarified by an opinion of the Attorney General: "Noncriminal actions are not necessarily 'civil actions' under [Government Code section 26529]. The courts have held in several instances that cases which might normally be considered civil are actually the responsibility of the district attorney. Primary responsibility for noncriminal actions or proceedings turns on whether they would be 'in aid of and auxiliary to the criminal law' (*Board of Supervisors* v. *Simpson,* 36 Cal.2d 671, 674) because the district attorney, as public prosecutor, must closely supervise transactions related to enforcement of the criminal law. . . ." (38 Ops.Cal.Atty.Gen. 121, 122 (1961).) In *Board of Supervisors* v. *Simpson* (1951) 36 Cal.2d 671, 674 [227 P.2d 14], the court held the district attorney and not the county counsel had the responsibility to bring civil red-light abatement actions which were compatible with his duties as public prosecutor.

Thus, even in counties where there is a county counsel, "[i]t is . . . clear that the district attorney's duties as public prosecutor embrace more functions than the prosecution of criminal actions." (64 Ops.Cal.Atty.Gen. 418, 422 (1981).) If such functions, though civil in nature, are closely related to and in furtherance of criminal law enforcement, then the district attorney may properly perform them. (*Board of Supervisors* v. *Simpson, supra,* 36 Cal.2d at p. 674; see 64 Ops.Cal.Atty.Gen. 826, 831 (1981).) For example, in *People* v. *Superior Court (Aquino)* (1988) 201 Cal.App.3d 1346 [248 Cal.Rptr. 50], this court held that the investigation and gathering of evidence relating to criminal offenses is a responsibility inseparable from the district attorney's prosecutorial functions, even though no criminal charges have been filed. (*Id.,* at pp. 1349-1350.)

B.    *Context of Section 10950 Hearing in Implementation of County Welfare Program.* We next review the context and purpose of a section 10950 fair hearing in the administration of a county welfare program. Under the Welfare and Institutions Code, the State Department of Social Services (DSS) has plenary power over the administration of a county's AFDC program. (§§ 10600, 10815.) The California State Department of Social Services manual (1990) (DSS manual) provides that each county welfare department is responsible for preventing and discovering fraudulent actions by recipients and, when there are grounds to suspect that eligibility was established or overpayments were made due to fraud, the county welfare department is responsible for completing an investigation and, if warranted,

requesting a complaint from the district attorney. (DSS manual, reg. 20-005.1.)

■ AFDC recipients have a federal due process right to an evidentiary hearing before their benefits are terminated, or demand for restitution of overpayments is made. (See *Welfare Rights Organization* v. *Crisan* (1983) 33 Cal.3d 766, 769 [190 Cal.Rptr. 919, 661 P.2d 1073, 31 A.L.R.4th 1214].) Section 10950 et seq. provides for a "fair hearing" for AFDC recipients consistent with this requirement (*Crisan, supra,* at p. 770), initiated by the recipient's filing a request with the DSS or other authorized agency. (§ 10950.) The fair hearing, though a judicial-like adversary proceeding (see *People* v. *Sims* (1982) 32 Cal.3d 468, 479, 481 [186 Cal.Rptr. 77, 651 P.2d 321]), is an informal proceeding in which the rules of evidence do not apply, the recipient may appear with or without counsel, and "free and open discussion by participants" is encouraged. (§ 10955; *Lentz* v. *McMahon* (1989) 49 Cal.3d 393, 396-397 [261 Cal.Rptr. 310, 777 P.2d 83].) The recipient or authorized representative, and a county representative, are the adversarial parties in attendance.[2] The DSS manual allows for legal counsel for the county representative as well as the recipient, but does not specify the county counsel, district attorney, or any other counsel as the appropriate counsel for the county. (49 Cal.3d at pp. 396-397.) The hearing is conducted by an administrative law judge unless the DSS directs otherwise. (§ 10953.) After the hearing, the administrative law judge renders a proposed decision. The director of DSS may then affirm the decision, prepare a different decision based on the record, or order a rehearing. (§ 10959.) A recipient who is dissatisfied with the decision of the director may petition the superior court for review of the proceedings under section 1094.5 of the Code of Civil Procedure. (§ 10962.)

Under section 11475 et seq., the district attorney's office is closely involved with the implementation and enforcement of the AFDC program. Section 11475.1 provides that each county shall maintain a unit in the district attorney's office for enforcing the obligation of parents to support their children and determining paternity in certain cases, and that "[t]he district attorney shall take appropriate action, both civil and criminal, to enforce this obligation when the child is receiving public assistance . . . ." In addition, the Welfare and Institutions Code makes punishable as felonies or misdemeanors certain acts relating to AFDC, such as the use of benefits for a purpose other than support of needy children, or fraud in obtaining

---

[2] The DSS manual, regulation 22-049.1, provides: "Attendance at the hearing is ordinarily limited to the claimant, authorized representative (as defined in Section 22-001.a(5)), county representative, legal counsel, authorized interpreter, and witnesses relevant to the issue. . . ."

use of AFDC funds (§§ 11480, 11482, 11483), and the district attorney is responsible for the prosecution of these offenses.

C. *Analysis.* With this background, we turn to the specific issues before us, stated above. ■ We find that *People* v. *Sims, supra,* 32 Cal.3d 468, though not directly dispositive, supports a finding that the district attorney's participation in a section 10950 hearing does not exceed his or her prosecutorial functions.

In *Sims,* a welfare recipient who was exonerated of fraud charges in a section 10950 hearing conducted by the DSS was subsequently prosecuted in a criminal proceeding for the same alleged misconduct. The issue was whether the doctrine of collateral estoppel barred the district attorney from relitigating in the criminal proceeding issues that were previously resolved in the administrative hearing. (*People* v. *Sims, supra,* 32 Cal.3d at pp. 472-473.)

The welfare recipient had requested a section 10950 fair hearing in response to the county's notice of proposed reduction of future cash grants to compensate for alleged overpayments. Concurrently, a criminal complaint was filed based on the same allegations of fraud that were the subject of the county's notice, charging a felony violation of section 11483 and a misdemeanor violation of former section 18910. While the criminal charges were pending, the recipient's fair hearing was held before a DSS hearing officer. The officer concluded that the county had failed to meet its burden of proving that the recipient had fraudulently obtained welfare benefits. (*People* v. *Sims, supra,* 32 Cal.3d at pp. 473-474.)

Subsequently, the recipient moved to dismiss the criminal charges pending against her in superior court, arguing, among other things, the fair hearing decision barred the criminal prosecution under the doctrine of collateral estoppel. The trial court agreed and dismissed the information. (*People* v. *Sims, supra,* 32 Cal.3d at p. 474.)

On appeal to the Supreme Court, the court affirmed. The court reviewed the traditional three-prong test determinative of whether collateral estoppel may bar relitigation of an issue decided at a previous proceeding: (1) if the issue necessarily decided at the previous proceeding was identical to the one which is sought to be relitigated; (2) the previous proceeding resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior proceeding. (*People* v. *Sims, supra,* 32 Cal.3d at p. 484.) As to the first

prong, the court found the fraud issue actually litigated before the DSS was identical to that involved in the criminal proceedings. The county's notice had been based upon the recipient's alleged failure to report that her children's stepfather was living at home and sharing expenses. In the criminal prosecution, the identical factual allegations were in issue. (*Id.*, at p. 485.) The second prong was satisfied in that the fair hearing determination had become final for purposes of judicial review. (*Ibid.*)

As to the third prong, the court found the county and district attorney were sufficiently close as to be in privity with each other. The court explained: "The close association between the County and the district attorney's office can also be seen from the fact that the agencies operate jointly in investigating and controlling welfare fraud. Regulation 20-007 of the MPP required the County to establish a special investigative unit (SIU) to investigate suspected welfare fraud and to function as a liaison between the County and law enforcement agencies. The information gathered by the SIU is used by both the County and the district attorney. When evidence of fraud is uncovered, the SIU must request issuance of a criminal complaint from the district attorney and provide him with all records and reports pertinent to the case." (*People* v. *Sims, supra,* 32 Cal.3d at pp. 487-488.)

The court concluded: "In view of this close association between the County and the district attorney in controlling welfare fraud, and the fact that both entities are county agencies representing the state, the court finds that the County and the district attorney were in privity with each other." (*People* v. *Sims, supra,* 32 Cal.3d at p. 488, fn. omitted.) The court thus found the prerequisites for the application of collateral estoppel were met. (*Ibid.*)

Here, the question whether the district attorney's representation of the County at the section 10950 fair hearing was "in aid of and auxiliary to the enforcement of the criminal law" (*Board of Supervisors* v. *Simpson, supra,* 36 Cal.2d at p. 674; 38 Ops.Cal.Atty. Gen., *supra,* at p. 122) is, after reviewing *Sims,* necessarily answered in the affirmative. To bar the district attorney from participating in a section 10950 hearing, but then holding him or her collaterally estopped from relitigating issues raised at the hearing, would be inequitable and inconsistent with the restrictions on the application of collateral estoppel. Further, because issues and evidence involved in the section 10950 hearing may be identical or closely similar to those in prospective criminal proceedings, the district attorney's handling of both matters avoids duplication of time and expense. The district attorney's participation at the section 10950 hearing may also obviate the need for subsequent criminal proceedings, thereby making efficient use of govern-

mental resources. (See *Woods* v. *Superior Court* (1981) 28 Cal.3d 668, 680-681 [170 Cal.Rptr. 484, 620 P.2d 1032], cited in *Lentz* v. *McMahon, supra,* 49 Cal.3d at p. 403.)

We note that in representing the county at a section 10950 hearing, the district attorney is not acting as a public officer bringing an action in the name of the people, but as an attorney with no greater powers than any other attorney representing his or her client at an administrative hearing. Thus, the concern addressed in numerous Attorney General opinions of the district attorney's commencement of civil actions as a type of civil prosecutor (see, e.g., 62 Ops.Cal.Atty.Gen. 150, 164-171 (1979); 38 Ops.Cal.Atty.Gen. 121, *supra*), is not a concern here. The district attorney is simply providing " 'counsel' " in furtherance of his or her duties as public prosecutor. (See 64 Ops.Cal.Atty.Gen., *supra*, at p. 421.)

The concerns voiced in *Safer* concerning the district attorney's involvement in and expenditure of funds for private interests clearly are not relevant here. The district attorney's participation in the administrative hearing is for the purpose of furthering a strong public interest in deterring abuse of vital social service benefits. Public funds will be expended for legal counsel whether the county counsel, district attorney, or other appointed counsel represents the county at a section 10950 hearing.

Finally, we find no statutory prohibition for our finding that *either* the district attorney or the county counsel may represent a county at a section 10950 hearing, in a county where there is a county counsel. No statute or other authority prohibits a county counsel from performing hybrid legal functions, as long as the county counsel takes no action amounting to criminal law enforcement. Further, no statute definitively allocates the performance of hybrid legal functions between the county counsel and the district attorney.

For the foregoing reasons, we conclude the trial court properly determined the complaint failed to state facts sufficient to constitute a cause of action based on a violation of Government Code sections 26529 and 27642, or the illegal expenditure of public funds.

■ We next address plaintiffs' claims as alleged in the complaint that the district attorney's participation at the hearing deprived them of due process of law. Plaintiffs argue that the district attorney's presence at the hearing, as well as his vigorous cross-examination of them, intimidated them such that they either did not testify at the hearing or were inhibited

when testifying.[3] They further argue that when a district attorney participates, "the effect, fear, and intimidation inherent in the threat of prosecution is palpable and immediate in the hearing itself." They contend that such effect deprived them of an informal hearing required by section 10955 with full opportunity to be heard.

In *Goldberg* v. *Kelly* (1970) 397 U.S. 254 [25 L.Ed.2d 287, 90 S.Ct. 1011], the court held that consistent with procedural due process requirements, welfare recipients must be afforded an evidentiary hearing prior to termination of benefits, with adequate notice detailing the reasons for a proposed termination, and an effective opportunity to defend by confronting adverse witnesses and by presenting his or her own arguments and evidence orally. (*Id.*, at pp. 267-268 [25 L.Ed.2d at pp. 298-299].) Plaintiffs here do not allege that the district attorney's participation directly denied them any of these rights, but simply that his presence had a "chilling" effect on their assertion of their rights, which in turn deprived them of due process of law.

Plaintiffs cite no authority which in any way supports their contention. Providing a claimant with an opportunity to be heard does not require a nonadversarial, confidential setting where the recipient need not anticipate any strong challenge or opposition to his or her story or assertions of fact. No authority supports the proposition that although a county is entitled to representation of counsel at a section 10950 hearing, it is entitled to less than the fullest benefits of such representation. The right of each party to confront and cross-examine witnesses through counsel is inconsistent with the notion that one party's counsel must be somehow neutral or nonconfrontational. Further, an extension of plaintiffs' proposition would lead to absurd results. For example, a recipient could argue that the presence of *any* attorneys at the hearing would be so intimidating as to inhibit his or her exercise of the opportunity to be heard, and therefore attorneys should be excluded. Clearly, such result is not compelled by due process requirements.[4]

---

[3] The complaint contains only the bare allegation that the district attorney's presence deprived plaintiffs of due process of law. The additional contentions were set forth in plaintiffs' declarations filed in support of their application for preliminary injunction. We take judicial notice of these declarations. (*Del E. Webb Corp.* v. *Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604 [176 Cal.Rptr. 824].)

[4] Plaintiffs' final argument on appeal is that the district attorney's participation violated their right to privacy guaranteed by the California Constitution. Plaintiffs admit, however, that the complaint did not allege such violation of their right to privacy, and that they never requested below the opportunity to amend so as to allege such violation. Plaintiffs nevertheless request that the court, though not required to do so, consider this new constitutional claim because it is "an important constitutional issue." We decline to do so.

## IV.  *Disposition*

The judgment is affirmed.

Merrill, Acting P. J., and Chin, J., concurred.

A petition for a rehearing was denied June 3, 1991.