[No. A045776. First Dist., Div. One. Aug. 13, 1990.]

DONALD L. BROOKS, Plaintiff and Respondent, v.
CALIFORNIA STATE PERSONNEL BOARD, Defendant and
Appellant;
CALIFORNIA STATE UNIVERSITY, HAYWARD, Real Party in
Interest and Appellant.

[Opinion certified for partial publication.*]

---

* Pursuant to rules 976 and 976.1 of the California Rules of Court, this opinion is certified for publication with the exception of subheading D.

COUNSEL

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, William S. Clark, Willie M. J. Curtis, and Thomas P. Reilly, Deputy Attorneys General, for Defendant and Appellant and for Real Party in Interest and Appellant.

Finkle, Davenport & Barsamian and Robert J. Rosati for Plaintiff and Respondent.

OPINION

STEIN, J.—The California State Personnel Board (Board), respondent below, and the California State University, Hayward (University), real party in interest, both appeal from the trial court's grant of a peremptory writ of mandate ordering the Board to give Donald L. Brooks (Brooks) a new hearing on his appeal from the University's decision to terminate his employment. The Board and the University (collectively referred to herein as appellants) contend that the trial court erroneously relied on *Brown* v. *State Personnel Bd.* (1985) 166 Cal.App.3d 1151 [213 Cal.Rptr. 53], and that, even if its holding were applicable, the *Brown* case was incorrectly decided.

We find no error in the *Brown* decision or its application to the facts of this case. We do not, however, agree that Brooks is entitled to a new hearing.

FACTUAL AND PROCEDURAL BACKGROUND

The University had employed Brooks since February 1977. At the time of his dismissal he was the assistant director of plant operations. He had also served as acting associate director of plant operations for the University. Due to a dispute over Brooks's sick leave absences, the University notified him that he was deemed automatically resigned effective July 19, 1985.

Brooks appealed this action to the Board, which on February 25, 1986, ordered that Brooks be reinstated.

The University notified Brooks on March 6, 1986, that he was suspended pending completion of an investigation to determine if disciplinary action should be taken against him. On April 3, 1986, the University served Brooks with its original "Notice of Dismissal" informing Brooks that, unless notified otherwise, he would be dismissed within six working days, based on six specified charges: (1) his failure to complete a required compliance report; (2) his relationship with another University employee resulting in disclosure of confidential evaluation information; (3) his failure to timely complete an operation plan assigned to him; (4) his use of a state vehicle while off campus and his false denial of the incident; (5) his false testimony at deposition that he had not been divorced; (6) additional false testimony that he had never been known by another name. Brooks responded to the notice of termination with a denial of the charges. The termination was effective April 14, 1986. Brooks appealed the termination and requested a hearing from the Board.

On May 30, 1986, one week before the scheduled Board hearing, the University sent Brooks an "Amendment to Notice of Dismissal," which purported to amend the fifth charge of the original notice by expanding on the false nature of Brooks's testimony regarding his divorce and added two new paragraphs, which charged him with additional false testimony during the deposition and failure to complete another report. At the Board hearing, Brooks objected to the amendment, citing *Brown* v. *State Personnel Bd., supra*, 166 Cal.App.3d 1151. Although the decision of the administrative law judge recites that the amendment was disallowed under the authority of *Brown*, the University was permitted to cite additional instances of dishonesty in deposition testimony. Those charges were considered and became part of the Board's decision sustaining Brooks's dismissal.

Brooks successfully challenged that administrative decision through his petition to Alameda County Superior Court for writ of mandate. The superior court granted the petition on the ground that the Board had acted in excess of its jurisdiction with respect to the amendment to the notice of dismissal, and issued the writ from which this appeal is taken, commanding the Board to annul its decision and ordering the Board to accord Brooks a new hearing limited solely to the grounds for dismissal alleged in the original notice of dismissal.

### DISCUSSION

The scope of our review of administrative mandamus is coextensive with that of the superior court. We are not bound by determinations of the

superior court, which in effect conducted an appellate review of the Board's proceedings and here ruled on a pure question of law: the extent of the Board's jurisdiction to permit the amendment of the notice of dismissal. (*Wilson* v. *State Personnel Bd.* (1976) 58 Cal.App.3d 865, 870-871 [130 Cal.Rptr. 292]; see, also, *Goggin* v. *State Personnel Bd.* (1984) 156 Cal.App.3d 96, 103 [202 Cal.Rptr. 587].)

■ An administrative agency has only such power as has been conferred on it by the Constitution or by statute. An act in excess of the power conferred upon the agency is void and mandate will lie to nullify or rescind such acts. (*Ferdig* v. *State Personnel Bd.* (1969) 71 Cal.2d 96, 103-104 [77 Cal.Rptr. 224, 453 P.2d 728]; *B. W.* v. *Board of Medical Quality Assurance* (1985) 169 Cal.App.3d 219, 233-234 [215 Cal.Rptr. 130].)

In *Brown* v. *State Personnel Bd., supra*, 166 Cal.App.3d 1151, California State University at Sacramento (CSUS) dismissed an associate professor for unprofessional conduct and failure to perform the duties of his office. He had been charged with "a series and pattern of sexual harassment of female students" alleged to be five in number. The Board found that allegations of two of the instances were baseless (*id*. at p. 1155), and the Court of Appeal found two of the three remaining incidents barred under the doctrine of laches. Since the finding of a single sexual advance could not support the charge of "a series and pattern of sexual harassment," the court ordered the professor's reinstatement. The court concluded that reinstatement was proper because the charges against the professor, contained in the notice of dismissal (*id*. at p. 1163), could not be amended to state a cause for discipline of any sort: "The discipline of an employee of the California State University and Colleges must be predicated upon a 'statement of causes [*and*] the events or transactions upon which the causes are based . . . .' (Ed. Code, § 89538.) The causes for discipline are set forth in Education Code section 89535 and include unprofessional conduct. The university initiates the disciplinary proceedings by giving a notice (the charging document) to the employee alleging the causes and events upon which discipline is based and takes the disciplinary 'action' (Ed. Code, §§ 89538, 89539). The action constitutes the university's judgment that the conduct, i.e., the alleged 'events or transactions,' meets CSUS's criteria of the alleged *cause* of discipline, e.g., unprofessional conduct, and that the respondent has engaged in it. Neither section 89539 nor any other provision of law permits the amendment of the charging document after CSUS has taken its disciplinary action. [Fns. omitted.]

"Where, as here, the employee elects an appeal to the State Personnel Board, Education Code section 89539 'governs both the grounds of appeal and (necessarily) the grounds upon which the board may act, here 'that the employee did not do the *acts or omissions alleged* as the events or

transactions upon which the causes are based . . . .' (Italics added.) This provision limits the board's authority to act (Ed. Code, § 89539) to the allegations of the charging document. Consequently, the board may not alter the charging document or take action upon a charge not made." (166 Cal.App.3d at pp. 1164-1165.)

The court in *Brown* contrasted the provisions which govern state civil service proceedings, which explicitly permit amendment of the charging document before its submission to the Board (Gov. Code, § 19575.5). (*Brown* v. *State Personnel Bd., supra,* 166 Cal.App.3d at p. 1164, fn. 4.) The court also noted that the absence of a procedure permitting a respondent to prepare for and contest an amended charge would raise serious constitutional problems of due process. (*Id.* at p. 1164, fn. 5.)

Appellants contend that the foregoing language from *Brown* is merely dictum; that even if precedent, *Brown* is distinguishable on its facts; that the *Brown* decision is incorrect; and that the charges against Brooks in the original notice support his dismissal in any event.

A. *Is the Brown language dictum?*

The *Brown* court not only decided that the single viable finding of sexual harassment could not support the charge against the professor, but also decided that reinstatement was the proper result. In order to reach that conclusion, the court had to address why reinstatement, rather than remand and reconsideration of a lesser penalty, was appropriate. The court made the reason for its discussion of the amendment of charges explicit: "It might be argued that the appropriate disposition is to remand the case to the board for a reconsideration of the penalty in the light of the remaining finding. That is sometimes appropriate in cases in which there has been a failure to make a finding necessary to support the charge made. [Citations.] However, nothing in these cases authorizes an amendment of the charging document or requires a respondent to defend against a charge not made." (*Brown* v. *State Personnel Bd., supra,* 166 Cal.App.3d at pp. 1163-1164, fn. 3.)

 The *Brown* holding with respect to the amendment of notices of dismissal is essential to the decision and thus constitutes binding precedent. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 783, p. 753.)

B. *Is Brown distinguishable?*

 Appellants do not dispute that the University attempted to amend the notice of dismissal, nor that the Board permitted the amendment. Rather, they contend that the *Brown* decision is distinguishable on its facts.

Appellants characterize *Brown* as focusing on whether the *Board* may amend a charging document *after* the matter had been submitted to it. Appellants claim that the *Brown* court did not even consider the possibility of the *University* amending its notice of dismissal *before* the State Personnel Board hearing as was done in the instant case.

Contrary to appellants' contentions, *Brown* does not cut so narrow a path in its limits on the timing of, and entities responsible for, amendment. The *Brown* decision was based on the complete void of statutory authority for *any* person or entity to amend the charging document. "Neither section 89539 nor any other provision of law permits the amendment of the charging document after [the University] has taken its disciplinary action." (*Brown* v. *State Personnel Bd., supra,* 166 Cal.App.3d at p. 1164, fns. omitted.)

Moreover, appellants misapprehend the decision's use of the phrase "after CSUS has taken its disciplinary action." The decision clearly states that the "action" is taken by the University, not the Board. The court notes that the "action" constitutes the University's judgment that the conduct meets the criteria for discipline, thus necessarily indicating that the University's dismissal (or other discipline) of the employee is the disciplinary action, not the Board's subsequent affirmance of that discipline on appeal. Accordingly, no amendment is proper after effective date of discipline. Here, Brooks's dismissal was effective on April 14, 1986. It was not until May 30, two weeks after the University had taken its disciplinary action, that the University served its amended notice of dismissal. Under *Brown,* the University lacked authority to amend the notice of dismissal after Brooks's termination became effective.

## C. *Is the amendment of a notice of dismissal permissible?*

Appellants argue that *Brown* was incorrectly decided; that both statute and common law permit amendments to a charging document. Appellants note that California courts have consistently approved amendments to administrative disciplinary charges so long as minimal due process requirements were met. Appellants cite to a number of decisions arising from state agencies which, unlike the University here, are not governed by the Education Code.

For example, in *Stearns* v. *Fair Employment Practice Com.* (1971) 6 Cal.3d 205 [98 Cal.Rptr. 467, 490 P.2d 1155], the Supreme Court noted that pursuant to Health and Safety Code section 35730 et seq., the Legislature granted the Fair Employment Practice Commission (FEPC) the authority to take action against housing discrimination. Because the purpose

of those statutes was to provide an informal forum for the speedy resolution of such issues, the FEPC's rules of pleading and proof necessarily were not burdened with procedural difficulties. In the particular case of *Stearns*, no prejudice resulted and, accordingly, any perceived variance between the accusation and proof at the hearing did not justify reversal of the FEPC's decision. (*Id.* at pp. 213-214.) The case sheds no light on the entirely separate issue of the amendment of notices of dismissal of university employees as governed by the Education Code.

Appellants also cite *Nichols* v. *Sunderland* (1926) 77 Cal.App. 627 [247 P. 614] [hearing on policeman's termination by city civil service commission created by city charter and expressly granted broad procedural authority], *Cook* v. *Civil Service Commission* (1960) 178 Cal.App.2d 118 [2 Cal.Rptr. 836] [same], and *Tapley* v. *Abbott* (1931) 111 Cal.App. 397 [295 P. 911] [Board of Medical Examiners' hearing on revocation of license to practice medicine] for the proposition that the charging document may be amended by the employer agency after the date of dismissal.

Appellants assert that these cases create a common law rule permitting amendment. Since "[i]t is settled principle that administrative agencies have only such powers as have been conferred on them, expressly or by implication, by constitution or statute" (*Ferdig* v. *State Personnel Bd., supra*, 71 Cal.2d at p. 103), such powers cannot be granted to the Board by this court.

Appellants then argue that Government Code section 19575.5, a provision governing state civil service actions, provides the University with the necessary authority. Under that statute, an amended or supplemental notice of punitive action may be filed before the matter is submitted for decision. However, that section applies to the civil service system from which employees of the California State University and Colleges are exempt. (Cal. Const., art. VII, § 4, subd. (h).)

Nor has Government Code section 19575.5 been incorporated into the Board's hearing procedures for university employees by virtue of Education Code section 89539, which provides that hearings shall follow "the same procedures as in state civil service proceedings." █ *Brown* held, and we agree, that Education Code section 89539 is meant to incorporate only the procedures found in section 11513 of the Government Code, applicable to state administrative adjudications. That statute specifies evidentiary rules for the conduct of the hearing but "does not encompass pleadings, notices and other matters ancillary to the hearing . . . ." (*Brown* v. *State Personnel Bd., supra*, 166 Cal.App.3d at p. 1158.)

█ The fact that other entities have the power to amend charging documents does not confer a similar power on the Board. The absence of a

comparable provision in the Education Code sections relating to disciplinary hearings indicates a differing intention on the part of the Legislature. (*People* v. *Drake* (1977) 19 Cal.3d 749, 755 [139 Cal.Rptr. 720, 566 P.2d 622].)

Appellants do not direct us to any other statute authorizing the University's amendment of the notice of dismissal. We conclude that the University acted in excess of its authority by amending the notice of dismissal and the Board exceeded its jurisdiction by permitting the amendment.

*D.* \*

. . . . . . . . . . . . . . . . . . . . . .

## CONCLUSION

The judgment is reversed and the case is remanded to the trial court with instructions to issue a writ of mandate setting aside the order of the Board, and directing the Board to reconsider the appropriate penalty to be imposed, based on the record pertinent to the charges stated in the original notice of dismissal. Each party shall bear its own costs on appeal.

Racanelli, P. J., and Newsom, J., concurred.

---

\*See footnote, *ante*, page 1068.