26 Cal.App.4th 747 (1994)
31 Cal. Rptr.2d 832
JOANNA KNIGHT, Plaintiff and Appellant,
v.
LINDA McMAHON, as Director, etc., et al., Defendants and Respondents.
Docket No. B076098.
Court of Appeals of California, Second District, Division Six.
July 5, 1994.
*750 COUNSEL
Channel Counties Legal Services Association, Robert K. Miller, M. Carmen Ramirez, Grant R. Specht, Barbara Macri-Ortiz and Andrew Koenig for Plaintiff and Appellant.
Tina L. Rasnow and Richard A. Weinstock as Amici Curiae on behalf of Plaintiff and Appellant.
Daniel E. Lungren, Attorney General, Charlton G. Holland, Assistant Attorney General, John H. Sanders and Robin T. Gertler, Deputy Attorneys General, for Defendants and Respondents.
OPINION
STONE (S.J.), P.J.
Here we hold that an administrative law judge awarding payment for retroactive in-home supportive services (IHSS) benefits, pursuant to Welfare and Institutions Code[1] section 10950 et seq., has the authority to award interest on retroactive payments. We also hold that appellant was an "aggrieved party" with standing to challenge the trial court's judgment which awarded her interest but did not determine whether the administrative law judge had authority to award interest.
Joanna Knight appeals from a judgment of the Ventura County Superior Court granting a peremptory writ of mandate ordering respondents to award her interest on her retroactive award of IHSS benefits at the legal rate of interest (10 percent). She asserts that the trial court erred as a matter of law in ruling that it did not have the jurisdiction to decide the other issue raised in her petition for writ of administrative mandamus (Code Civ. Proc., § 1094.5), i.e., whether administrative law judges have the power to award interest, and appeals from that part of the trial court's judgment.
We hold that an administrative law judge has the statutory authority to award interest under Civil Code section 3287, subdivision (a), and order the trial court to modify its judgment accordingly.

FACTS
Appellant is an indigent disabled person who receives IHSS benefits as a result of various medical problems. The IHSS program provides domestic *751 in-home services to aged, blind, and disabled individuals. (§§ 12300-12308.) These services enable aged, blind, and disabled persons unable to perform the services themselves and otherwise unable to remain safely in their homes to avoid institutionalization. (§ 12300, subd. (a).) The IHSS program is administered locally by the county welfare department. (§§ 12301, 12301.1, 12302.)
Appellant has had several administrative hearings challenging welfare department determinations that have reduced her IHSS hours. (§ 10950.) In May 1990, an administrative law judge ruled that she was entitled to receive more hours pursuant to the IHSS program. The decision refused to give her interest on the retroactive award of benefits, ruling that "[t]he claimant's request for interest payments ... is better presented in a more appropriate forum."
The administrative law judge's decision was adopted by respondent Department of Social Services (DSS). (§ 10959.) Appellant filed a petition for writ of administrative mandamus in the Ventura Superior Court. (§ 10962.) In her petition, appellant alleged that, as a matter of law, interest is available on retroactive awards of IHSS benefits and interest is properly awardable in administrative fair hearings before administrative law judges, and that "[t]o prevent administrative law judges from awarding interest in administrative proceedings would force recipients to have to file lawsuits to recover interest owed on [IHSS] awards which would cause a multiplicity of litigation.... The failure to award interest deprives the petitioner from being made whole with respect to the loss of use of [IHSS] benefits during a period of deprivation...." She further contended that to award interest only in court proceedings was a denial of equal protection and due process, and that interest is awardable under Civil Code section 3287, subdivision (a).
Respondents did not file an answer to the petition. Instead they stated they were willing to allow the court to enter judgment awarding interest. Appellant insisted on a hearing on her petition. The trial court entered judgment awarding the interest requested but ruled that "[t]he petitioner's request that this court also decide the issue as to whether administrative law judges have the power to award interest is denied as this court does not have jurisdiction to decide that issue in this case." The court stated at the hearing that appellant perhaps should file a declaratory relief action in Sacramento.

DISCUSSION

1. Appellant Has Standing to Appeal

(1a) Respondents filed a motion to dismiss the appeal on grounds that appellant lacks standing. They contend that since the judgment was in *752 appellant's favor, she is not an "aggrieved party." (Nevada County Office of Education v. Riles (1983) 149 Cal. App.3d 767, 779 [197 Cal. Rptr. 152].)
(2) An "aggrieved party" within the meaning of Code of Civil Procedure section 902 is one "who has an interest recognized by law in the subject matter of the judgment and whose interest is injuriously affected by the judgment. ..." (Winter v. Gnaizda (1979) 90 Cal. App.3d 750, 754 [152 Cal. Rptr. 700], italics in original; see also In re George B. (1991) 228 Cal. App.3d 1088, 1094 [279 Cal. Rptr. 388].) "`... [Appellant's] interest "`must be immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment.'"'" (Hensley v. Hensley (1987) 190 Cal. App.3d 895, 899 [235 Cal. Rptr. 684]; County of Alameda v. Carleson (1971) 5 Cal.3d 730, 737 [97 Cal. Rptr. 385, 488 P.2d 953].)
Here appellant's petition specifically alleged that the administrative law judge erred in failing to award interest and that she was injured by having to litigate the issue which should have been resolved at the administrative hearing. Respondents filed no answer to the petition. Thus, all allegations are deemed admitted. (Code Civ. Proc., § 431.20, subd. (a); Cal. Administrative Mandamus (Cont.Ed.Bar 1989) § 10.9, p. 347.) Although the prayer of her petition may have requested a judgment of interest, the body of her pleading and the notice of hearing both sought an adjudication of the administrative judge's authority to grant interest on retroactive benefits. The administrative record establishes that she had other administrative hearings, and the administrative law judge's decision in issue indicated that she was not foreclosed from further hearings on her claims.
Respondents assert that trial courts make no binding precedents in any case. (Neary v. Regents of University of California (1992) 3 Cal.4th 273, 282 [10 Cal. Rptr.2d 859, 834 P.2d 119].) Nonetheless, "`... [t]he real value of the judicial pronouncement  what makes it a proper judicial resolution of a "case or controversy" rather than an advisory opinion  is in the settling of some dispute which affects the behavior of the defendant towards the plaintiff.'" (Ibid.) Here the court did not indicate that the issue was moot. It declined to decide the issue solely because it opined it lacked jurisdiction.
(1b) It is clear from the record that it is very likely appellant will be involved with further administrative hearings regarding her IHSS benefits. Appellant finds herself between the Scylla of the administrative judge who opined there was no authority to award interest and the Charybdis of the trial court that opined it had no jurisdiction to decide whether administrative judges could award interest. Appellant's "exclusive remedy" was to file an action for writ of administrative mandate in superior court pursuant to Code *753 of Civil Procedure section 1094.5 to challenge the administrative judge's decision. (§ 10962; Green v. Obledo (1981) 29 Cal.3d 126, 143, fn. 12 [172 Cal. Rptr. 206, 624 P.2d 256].) Where issues on appeal affect the general public interest and the future rights of the parties, and there is a reasonable probability that the same question will be litigated again and appealed, an appellate court may adjudicate the issue involved even though the appeal would otherwise be subject to dismissal. (People v. West Coast Shows, Inc. (1970) 10 Cal. App.3d 462, 468 [89 Cal. Rptr. 290]; see also Butt v. State of California (1992) 4 Cal.4th 668, 677, fn. 7 [15 Cal. Rptr.2d 480, 842 P.2d 1240].)
As appellant states, she is locked into a perpetual relationship with the respondents and is subject to their refusal to award interest at the administrative level. She is dependent on the respondents to properly pay her what she is entitled to receive. She was given half a loaf. It left her unsatisfied. She was, and is, a party "aggrieved" by the trial court's judgment. Respondents' motion to dismiss is denied.

2. The Trial Court Had Jurisdiction to Decide the Issue

(3) Respondents assert that the trial court did not err in refusing to make the finding requested because a court's determination "to refuse to grant declaratory relief will not be disturbed on appeal unless a clear abuse of discretion is shown." (Farmers Ins. Exchange v. Adams (1985) 170 Cal. App.3d 712, 723 [216 Cal. Rptr. 287], disapproved on other grounds in Garvey v. State Farm Fire & Casualty Co. (1989) 48 Cal.3d 395, 411-412, fn. 10 [257 Cal. Rptr. 292, 770 P.2d 704]; Stevens v. Perkins (1979) 93 Cal. App.3d 69, 75 [155 Cal. Rptr. 482].) They further argue that a determination of whether justiciability exists in a jurisdictional sense in a declaratory relief action rests within the trial court's sound discretion. (Tehachapi-Cummings County Water Dist. v. Armstrong (1975) 49 Cal. App.3d 992, 998 [122 Cal. Rptr. 918].)
A trial court may refuse to exercise its power to grant declaratory relief whenever such a declaration is unnecessary or improper, all circumstances considered. (Code Civ. Proc., § 1061.) Here, however, the trial court did not refuse to grant declaratory relief. It opined it had no jurisdiction to grant it and suggested appellant bring an action for declaratory relief. The failure or refusal to make a decision has the same practical effect as making an adverse decision. (See Silberman v. Swoap (1975) 50 Cal. App.3d 568, 571 [123 Cal. Rptr. 456].) The court's action was tantamount to ruling that respondents could continue to pay appellant less than she was entitled to receive at the administrative hearing level and inappropriately narrowed the scope of future administrative hearings involving appellant.
*754 Appellant placed the issue before the court through the only vehicle allowed her  a petition for administrative mandamus. (§ 10962.) The court should have ruled on the merits of the issue. (See Woods v. Superior Court (1981) 28 Cal.3d 668, 680-681 [170 Cal. Rptr. 484, 620 P.2d 1032].) Because the issue is one of law, it would serve no useful purpose to remand it to the trial court. Had the trial court decided the issue, it would be before us for our independent review. (Brooks v. State Personnel Bd. (1990) 222 Cal. App.3d 1068, 1071-1072 [272 Cal. Rptr. 292]; Austin v. Board of Retirement (1989) 209 Cal. App.3d 1528, 1531 [258 Cal. Rptr. 106].)

3. Administrative Judge Had Power to Award Interest

The question presented is not whether public assistance recipients are entitled to interest on retroactive benefits, since that issue has already been decided affirmatively. (See Tripp v. Swoap (1976) 17 Cal.3d 671 [131 Cal. Rptr. 789, 552 P.2d 749], disapproved on other grounds in Frink v. Prod (1982) 31 Cal.3d 166, 180 [181 Cal. Rptr. 893, 643 P.2d 476].) (4a) The question is whether the interest may be awarded by a DSS administrative law judge in the same proceeding in which an award of retroactive benefits is issued.
The authority and power conferred to the DSS are set forth in section 10550 et seq. and the duties of the director, in section 10553. Respondents assert that since nowhere in these statutes does the Legislature grant the DSS with power to award interest, any award of interest by DSS would be outside the scope of its power and authority conferred by the Legislature. Administrative agencies have only such powers as have been conferred upon them, expressly or by implication, by constitution or statute. (B.W. v. Board of Medical Quality Assurance (1985) 169 Cal. App.3d 219, 233-234 [215 Cal. Rptr. 130].)
Appellant and amici curiae assert that the DSS has such power in its administrative hearings. We agree.[2] The California Supreme Court, in Tripp v. Swoap, supra, 17 Cal.3d 671, has held that interest is awardable on retroactive welfare benefits under the general authority of Civil Code section 3287, subdivision (a), even though there was no express provision in the Welfare and Institutions Code that authorized award of such interest.
Interest is not a supplemental benefit but rather a part of the underlying benefit to which a recipient is entitled. Section 10962 authorizes a recipient to secure judicial review without payment of a filing fee and also to recover *755 attorney fees and costs. The Supreme Court in Tripp v. Swoap, supra, 17 Cal.3d 671, held that the purpose of these provisions in section 10962 is to ensure access to judicial review, rather than to define the extent of a recipient's recovery. (17 Cal.3d at pp. 680-681.) "Interest, on the other hand, relates to the extent of recovery inasmuch as it constitutes an element of damages." (Id., at p. 681.)
The Supreme Court concluded that simply because the Legislature did not mention interest specifically does not mean that a successful recipient is precluded from receiving it. (Tripp v. Swoap, supra, 17 Cal.3d 671, 681.) "`Where as here two codes are to be construed, they "must be regarded as blending into each other and forming a single statute." [Citation.] Accordingly, they "must be read together and so construed as to give effect, when possible, to all the provisions thereof." ...'" (Austin v. Board of Retirement, supra, 209 Cal. App.3d 1528, 1532; Tripp v. Swoap, supra, 17 Cal.3d 671, 679.) Moreover, their meaning should be reasonable and not lead to absurd consequences. (People ex rel. Riles v. Windsor University (1977) 71 Cal. App.3d 326, 332 [139 Cal. Rptr. 378].)
Tripp v. Swoap held that where the conditions for recovery under Civil Code section 3287, subdivision (a), were met, i.e., where the damages are certain or capable of being made certain by calculation and where the right to recover has vested on a particular day, interest was available on wrongfully withheld benefits. (17 Cal.3d 671, 682.) The court further held recoverable an award of prejudgment interest on such benefits. (Id., at p. 683.) An award of such interest was found to be in conformity with the statutory mandate requiring the laws relating to public assistance programs to be liberally construed. (Id., at p. 685; § 11000.)
The same rationale applies to allowing IHSS recipients to receive an award of interest on retroactive benefit payments at the administrative hearing level. The "fair hearing" mechanism is intended to provide a speedy and informed manner of challenging administrative action which may reduce or terminate vitally needed benefits. (Lentz v. McMahon (1989) 49 Cal.3d 393, 402 [261 Cal. Rptr. 310, 777 P.2d 83]; People v. Sims (1982) 32 Cal.3d 468, 493-494 [186 Cal. Rptr. 77, 651 P.2d 321].) The only limitation upon issues, factual or legal, which may be raised at such hearings is that they must be reasonably related to the request for hearing or other issues mutually agreed upon by either party prior to or at the hearing. (Lentz v. McMahon, supra, at pp. 402-403; Woods v. Superior Court, supra, 28 Cal.3d 668, 674.) Allowing the matter of interest to be decided at the administrative hearing not only prevents courts from being burdened with matters that can be resolved adequately in administrative fora, but also prevents delay and *756 unnecessary expense in vindication of legal rights through a multiplicity of proceedings. (Lentz v. McMahon, supra, at p. 403; Woods v. Superior Court, supra, at pp. 680-681.)
Dyna-Med, Inc. v. Fair Employment & Housing Com. (1987) 43 Cal.3d 1379 [241 Cal. Rptr. 67, 743 P.2d 1323], does not compel a different result. As the California Supreme Court explained in Lentz v. McMahon, supra, 49 Cal.3d 393, 403-404, "[i]n Dyna-Med we simply followed the established rule that, in the absence of express legislative authorization for punitive damages, such damages may not be imposed by an administrative agency. [Citations.] We did not there suggest that use of equitable remedies or doctrines were subject to a similar rule; in fact, we suggested otherwise. (See 43 Cal.3d at p. 1387 [distinguishing `back pay' from punitive damages because the former remedy is `exclusively corrective and equitable in kind'].)" The Supreme Court further stated that the Legislature's designation of the hearing as the only forum for public-benefits claims supports the view that it intended all potential issues affecting such claims to be raised in that forum. (Id., at p. 404.)
(5) Respondents argue that the separation of powers doctrine would prevent an award of interest. (Cal. Const., art. VI, § 1, art. III, § 3.) That argument is little different than whether an award of interest can be made at all in a DSS proceeding. The California Supreme Court dismissed such an argument. (Lentz v. McMahon, supra, 49 Cal.3d 393.) If interest is part of the "damage" to a recipient by not being awarded benefits in a timely fashion, then an award of interest is no different than an award of the benefits withheld. It is no more an exercise of "judicial power" by the administrative hearing officer than the award of benefits. Respondents' interpretation of the fair hearing provision of section 10950 is at odds with the statute and the broad interpretation given to it by the California Supreme Court. (See Lentz v. McMahon, supra, at p. 404.) Moreover, the California Supreme Court has distinguished "incidental, `restitutive' damages  permissible under the judicial powers clause  from the award of unlimited, nonquantifiable compensatory damages...." (Walnut Creek Manor v. Fair Employment & Housing Com. (1991) 54 Cal.3d 245, 262 [284 Cal. Rptr. 718, 814 P.2d 704].)
The Supreme Court also has recognized the reality of limited access by the poor to private attorneys and the inability of legal aid programs to represent all the legal needs of the poor. (See Welfare Rights Organization v. Crisan (1983) 33 Cal.3d 766, 770 [190 Cal. Rptr. 919, 661 P.2d 1073, 31 A.L.R.4th 1214].) The right to interest on retroactive public assistance benefits would become meaningless if public assistance claimants did not have an administrative forum to raise such a claim, given their limited access to legal *757 services. It is tantamount to denying a hearing on the recipient's right to interest. (6) Since the DSS administrative hearing process is a federal due process right which section 10950 was enacted to implement (see Rauber v. Herman (1991) 229 Cal. App.3d 942, 949 [280 Cal. Rptr. 785]; Welfare Rights Organization v. Crisan, supra, at p. 769) and is appellant's exclusive remedy for a violation of benefit rights, the hearings must be meaningful and encompass all the applicant's public assistance claims. Where, as here, a recipient is severely disabled, to require her to pursue a separate judicial action to collect interest on an award of retroactive benefits is unfair.
(4b) The right to recover benefits vests when the initial decision is adopted by the director. (Blackburn v. Sarsfield (1981) 125 Cal. App.3d 143, 152, fn. 9 [178 Cal. Rptr. 15].) Immediate payment is required. (Ibid.) When the right to receive public assistance benefits vests, so does the right to interest vest. (Aguilar v. Unemployment Ins. Appeals Bd. (1990) 223 Cal. App.3d 239, 245 [272 Cal. Rptr. 696]; Tripp v. Swoap, supra, 17 Cal.3d 671, 683.) In other fora, administrative agencies have been found proper to award interest notwithstanding a lack of statutory authority to do so. (See, e.g., Reserve Supply Corporation of L.I., Inc. v. N.L.R.B. (2d Cir.1963) 317 F.2d 785, 789; Sandrini Brothers v. Agricultural Labor Relations Bd. (1984) 156 Cal. App.3d 878 [203 Cal. Rptr. 304].)
As stated in Nordahl v. Department of Real Estate (1975) 48 Cal. App.3d 657, 666 [121 Cal. Rptr. 794], "[t]he Civil Code provisions authorizing interest under these circumstances are simply a recognition of the fact that one of the elements of direct loss suffered by a party deprived of the use of his money or other property is the value of its use, which in the case of money is interest at the legal rate." Thus, in order to be made whole, the benefits claimant should be entitled to an award of interest on retroactive benefits at the administrative hearing.
Consequently, we hold that administrative law judges at DSS administrative hearings have the power to award interest in conjunction with retroactive benefits. We order the trial court to modify its judgment accordingly. Costs to appellant.
Gilbert, J., concurred.
YEGAN, J.
I respectfully dissent. The result reached by the majority has all of the hallmarks of fairness. It is also consistent with administrative and judicial economy. Were I in the California State Legislature, I would vote for a bill that authorizes administrative law judges to award interest on retroactive payments for in-home supportive services.
*758 However, "[w]e do not sit as a `super-legislature.' [Citation.]" (Unzueta v. Ocean View School Dist. (1992) 6 Cal. App.4th 1689, 1698 [8 Cal. Rptr.2d 614].) The judiciary should not use its power to "add" provisions to the Welfare and Institutions Code. (Id. at p. 1699.) The Attorney General and the trial court have recognized this principle. The majority, however, under the guise of statutory construction hold that the administrative law judge may award interest. In my view, there is nothing to construe. The Legislature has not given administrative law judges the power to award interest.
In Zetterberg v. State Dept. of Public Health, (1974) 43 Cal. App.3d 657, 663 [118 Cal. Rptr. 100], the Court of Appeal warned against the very action taken by the majority: "It would violate the doctrine of separation of powers if the courts in such a situation, under the guise of declaratory relief, made pronouncements in a field reserved to legislative or executive discretion." I would follow the admonition of Zetterberg. The remedy is with the Legislature.
"`It is a settled principle that administrative agencies have only such powers as have been conferred upon them, expressly or by implication, by constitution or statute.' [Citation.] An administrative agency, therefore, must act within the powers conferred upon it by law and may not validly act in excess of such powers. [Citation.] When an administrative agency acts in excess of the powers conferred upon it, its action is void. [Citations.]" (B.W. v. Board of Medical Quality Assurance (1985) 169 Cal. App.3d 219, 233-234 [215 Cal. Rptr. 130].) Welfare and Institutions Code section 10950 et seq., even when coupled with Civil Code section 3287, subdivision (a), does not confer upon an administrative law judge the power to award interest in a Department of Social Services hearing.
The majority's reliance on Walnut Creek Manor v. Fair Unemployment & Housing Co. (1991) 54 Cal.3d 245 [284 Cal. Rptr. 718, 814 P.2d 704] is misplaced. That case involved an awarded under the Fair Employment and Housing Act (FEHA). (Gov. Code, § 28249 et seq.) The FEHA, modeled after title VIII of the federal Civil Rights Act of 1968, authorized awards for compensatory damages and penalties in housing discrimination cases. (54 Cal.3d at p. 255, and fn. 4.) The court held that the Fair Employment and Housing Commission was vested with broad authority to order the payment of actual damages, interest, restitution, and other forms of affirmative or prospective relief. (Id. at p. 257; see also Gov. Code, § 12997, subd. (a)(2).) Here, the statutory scheme is more limited in scope. Administrative law judges conducting hearings on social services claims have no express or implied authority to award "restitutive" damages or interest. (Welf. & Inst. Code, § 10954.)
*759 Nothing in Tripp v. Swoap (1976) 17 Cal.3d 671 [131 Cal. Rptr. 789, 552 P.2d 749], relied upon by appellants and the majority, says that an administrative law judge may award interest. There, the California Supreme Court held "... that where a recipient of welfare benefits is adjudged entitled to retroactive payment of benefits pursuant to the statutory obligation of the state, such recipient is entitled to an award of prejudgment interest at the legal rate from the time each payment becomes due." (Id. at p. 685.) The Supreme Court directed the trial court, not the administrative law judge, to award interest. (Id. at p. 685.) "[C]ases are not authority for propositions not considered." (Fricker v. Uddo & Taormina Co. (1957) 48 Cal.2d 696, 701 [312 P.2d 1085].)
The majority's best argument is the sweeping language of Lentz v. McMahon (1989) 49 Cal.3d 393, 404 [261 Cal. Rptr. 310, 777 P.2d 83]. There the Supreme Court said: "The Legislature's designation of the hearing as the only forum for public-benefits claims supports the view that it intended all potential issues affecting such claims to be raised in that forum." This obiter dicta, however, is a rather nebulous foundation for adding language to an otherwise comprehensive statutory scheme.
The majority have reached out to decide the issue by finding that appellant is an aggrieved party. The analysis is questionable. An appellate court should not strain to keep an appeal alive and stretch the law to achieve a desirable result. I would exercise judicial restraint (Unzueta v. Ocean View School Dist., supra, 6 Cal. App.4th at p. 1700), affirm the judgment, and suggest that appellant ask the Legislature to add the provision to the statutory scheme.
Respondents' petition for review by the Supreme Court was denied September 29, 1994. Kennard, J., and Baxter, J., were of the opinion that the petition should be granted.
NOTES
[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.
[2] We granted leave for filing of amicus curiae briefs by the Women Lawyers of Ventura County and by Richard A. Weinstock, an attorney.