[No. A074526. First Dist., Div. Five. Apr. 29, 1997.]

MARIA PEREIRA-GOODMAN, Plaintiff and Appellant, v.
ELOISE ANDERSON et al., Defendants and Respondents.

**COUNSEL**

Tom Weathered, Brian Paddock and Mary M. Mastin for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Robert L. Mukai, Chief Assistant Attorney General, Charlton G. Holland III, Assistant Attorney General, Stephanie Wald and Angela Botelho, Deputy Attorneys General, for Defendants and Respondents.

**OPINION**

JONES, J.—In this case we hold that a former welfare recipient who is not currently receiving public assistance, and is not an applicant for such

assistance, is not entitled to an administrative "fair hearing" under the provisions of Welfare and Institutions Code section 10950, in order to contest the calculations of a county's district attorney, acting as the administrator of the child support enforcement services (CSES) program, concerning the amounts payable to appellant on her claim for enforcement of prior accruals of child support obligations under the provisions of title IV-D of the federal Social Security Act, 42 United States Code section 651 et seq. (hereafter, Title IV-D). This administrative hearing right is properly limited to persons who are applicants for, or recipients of, public assistance payments, and who are contesting adverse decisions of a county welfare department regarding such assistance payments. Appellant is not such a person.

Appellant Maria Pereira-Goodman contends the trial court wrongly denied her petition for a writ of mandate. By its ruling, the trial court refused to order the State Department of Social Services to exercise jurisdiction and conduct an administrative hearing. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

Appellant last received public assistance through the federal-state Aid to Families With Dependent Children (AFDC) program in 1989. As required by Title IV-D of the Social Security Act, the payment of benefits was conditioned upon participation in the CSES program, which is operated by the district attorney's family support division. After the court-ordered support was paid and appellant returned to the workforce, she stopped receiving AFDC and her CSES case was closed by the district attorney.

Some years later, in 1992 and 1993, appellant again sought and received the aid of the District Attorney of the City and County of San Francisco in enforcing an order which she had obtained with the help of private counsel, for payment of accrued child support by the father of her child. The district attorney provided this enforcement aid under provisions of Title IV-D which allow persons who are not currently receiving public assistance through the AFDC program to receive help in enforcing child support orders from the local district attorney. (See 42 U.S.C. § 651 et seq.; *Blessing* v. *Freestone* (1997) __ U.S. __ [117 S.Ct. 1353, 137 L.Ed.2d 569].)

A dispute developed between appellant and the district attorney's office over the accounting for some $750 in accrued medical support arrearage payments. Appellant theorized that more than $500 of the original $750 in accrued medical arrearages were still due and payable to her, and that the district attorney had wrongly accounted for these payments from the father of her child by crediting them to reimbursement of the county's previous

AFDC payments to her, or other purposes. The district attorney's office pointed out that it had never been told by appellant or her private counsel about the accrued medical payment arrearages, and therefore had not enforced payment for them in its enforcement action. Therefore no such payments had been made from the father of appellant's child to the district attorney, and no such funds were available to be paid out to appellant.

Appellant sought an administrative "fair hearing" concerning her dispute with the district attorney, under the provisions of Welfare and Institutions Code section 10950 (section 10950). The district attorney's office contended appellant was not entitled to such a hearing under section 10950, because such administrative hearings are only allowed to persons who are receiving or who have applied to currently receive welfare payments, in order to contest eligibility determinations and other related decisions of the county welfare departments.

After appellant appeared at the administrative hearing before an administrative law judge (ALJ), Judge Quintanilla, he ruled he lacked jurisdiction over the dispute because section 10950 only allowed such hearings to current welfare recipients and applicants, not former recipients, and because appellant was not contesting a decision by the county welfare department, but was contesting the accounting for litigation proceeds by the district attorney.

Appellant filed a petition for a writ of mandate under Code of Civil Procedure sections 1085 and 1094.5, seeking to require the respondent Director of the California Department of Social Services to grant her an administrative hearing. The superior court, after hearing argument on the matter, denied the petition.

## II. DISCUSSION

■ We affirm the decision of the superior court denying the petition, because appellant was not entitled to an administrative hearing under the provisions of section 10950.[1] She is not a current recipient of public assistance or applicant for such assistance who is entitled to such a hearing under section 10950, and she is not contesting a decision by the county welfare department regarding eligibility or payment of such assistance,

---

[1]Section 10950 provides, in pertinent part: "If any applicant for or recipient of public social services is dissatisfied with any action of the county department relating to his or her application for or receipt of public social services . . . . he or she shall, in person or through an authorized representative, without the necessity of filing a claim with the board of supervisors, upon filing a request with the State Department of Social Services or the State Department of Health Services, whichever department administers the public social service, be accorded an opportunity for a state hearing."

which would entitle her to such a hearing under section 10950. Rather, she is a former aid recipient who is engaged in a dispute with the district attorney, not the county welfare department, regarding the accounting for some $500 of the proceeds of a private support action relating to accrued medical arrearages. Neither section 10950 nor Title IV-D grants her a right to an administrative hearing in such circumstances.

The parties do not cite the discussion of this point contained in the only published decision in this state discovered by our research which relates to the interaction of the fair hearing requirement of section 10950 and the claimed right of former aid recipients to a hearing regarding the district attorney's prosecution of and accounting for accrued arrearages in support payments under Title IV-D, the decision of this appellate district in *County of Santa Clara* v. *Support, Inc.* (1979) 89 Cal.App.3d 687, 704 [152 Cal.Rptr. 754] (*Support*). The *Support* case strongly supports the trial court's decision in this case.

In *Support*, a decision from Division Two of this district, the legal issue relevant here concerned whether a former recipient of AFDC assistance was entitled to an administrative fair hearing under the provisions of section 10950, in order to contest the district attorney's calculations regarding the proceeds from actions for accrued arrearages in support payments, or the accounting therefor, under the authority of Title IV-D. Division Two rejected the claim of right to a hearing under section 10950, and ruled in favor of the state, as follows: "[The state] argues that under section 10950 of the Welfare and Institutions Code the right to a fair hearing is limited to action by the county welfare department. Under the IV-D plan in California, the district attorney has the responsibility of collecting child support arrearages. Accordingly, the district attorney must obtain an accounting from the welfare department in order to determine the amount of reimbursement due to the county. However, merely providing an accounting of actual welfare expenditures to the district attorney cannot reasonably be said to be an 'action of the county welfare department relating to his [or her] application for or receipt of aid,' which establishes a right to the fair hearing described in section 10950. In addition, it is clear that section 10950 is applicable only to applicants or recipients of aid—not former recipients." (*Support, supra,* 89 Cal.App.3d at p. 704, fn. omitted.)

We agree with Division Two's analysis. Section 10950 grants a right to an administrative hearing before an ALJ only to current recipients or applicants for public aid, and only with respect to the actions of the county welfare department relating to eligibility, payment or other matters related to that payment of aid, not with respect to the actions of the district attorney

prosecuting actions for arrearages on behalf of persons not receiving aid, under Title IV-D. The language of section 10950 limits the right to a hearing before an ALJ to a person who is an "applicant for or recipient of public social services [who] is dissatisfied with any action of the county department relating to his [or her] application for or receipt of aid." (*Support, supra,* 89 Cal.App.3d at p. 704, quoting section 10950.)[2] Appellant is not such a recipient or applicant, and her claim does not relate to an action of the county welfare department regarding such aid. We conclude she is not entitled to an administrative hearing.

We reject as inapposite the numerous scattershot authorities cited by appellant in favor of a contrary result.

First, in *Barnes* v. *Healy* (9th Cir. 1992) 980 F.2d 572 (*Barnes*), a case cited extensively by appellant, the court said nothing about a right to an administrative hearing or the provisions of section 10950. Instead, a panel of the Ninth Circuit Court of Appeals held that the district court abused its discretion in limiting class-wide relief for claimed due process violations. The claimed due process violations related to such matters as the sufficiency and timeliness of the notice provided to persons on whose behalf district attorneys brought enforcement actions for support orders under Title IV-D. The court held all persons entitled to district attorney aid under Title IV-D, not just persons receiving AFDC payments, should receive the required notice. The *Barnes* case relates to the provision of notice to persons such as appellant regarding amounts recovered on her behalf; the case does not refer to a right to an administrative hearing under section 10950. *Barnes* simply does not relate to the issue of the entitlement to a hearing under section 10950, which is nowhere mentioned in the *Barnes* opinion.

Appellant also relies upon *Knight* v. *McMahon* (1994) 26 Cal.App.4th 747, 757 [31 Cal.Rptr.2d 832] (*Knight*), which was disapproved in *American Federation of Labor* v. *Unemployment Ins. Appeals Bd.* (1996) 13 Cal.4th 1017, 1023 [56 Cal.Rptr.2d 109, 920 P.2d 1314]. *Knight* is also inapposite. *Knight* held that when a person was wrongly denied payments for in-home supportive services which she should have received for her medical problems, an ALJ had the authority to award her interest on the unpaid sums. The holding of *Knight* was recently disapproved by our Supreme Court, and in any event it did not consider the legal issues before us here.

In addition, appellant relies on inapposite citations to a federal district court case presently on appeal to the Ninth Circuit, *League of United Latin*

---

[2]Of course, as the trial court aptly observed, this does not mean appellant was without a remedy. She received a written review of her claims and a detailed accounting from the district attorney, and could have sought a petition for writ of mandate contesting the district attorney's calculations. She did not do so.

*American Citizens* v. *Wilson* (C.D.Cal. 1995) 908 F.Supp. 755, 780-781 (*LULAC*). The *LULAC* case had nothing to do with providing a hearing to persons who dispute the district attorney's accounting for support arrearages recovered in litigation pursuant to Title IV-D. Instead, the issue in *LULAC* was whether the provisions of Proposition 187 which barred California state agencies from providing benefits to illegal aliens, including "child welfare benefits" for involuntarily detained minors, were preempted by federal immigration laws or other principles of federal law. We find nothing in *LULAC* which relates to the issues before us. In addition, though not directly germane, we also note that this court and others have ruled, in a variety of contexts, that states such as California may condition payment of state benefits upon lawful resident status, and may deny state benefits to persons who do not yet meet federal immigration requirements, without violating federal constitutional or statutory law. (See *Khasminskaya* v. *Lum* (1996) 47 Cal.App.4th 537, 542-545 [54 Cal.Rptr.2d 915] and cases there cited.) In any event, *LULAC* certainly does not aid appellant here.

None of the remaining decisions cited by appellant address the interaction of section 10950 with the district attorney's functions under Title IV-D, an issue addressed only by the discussion in the *Support* case, which the parties did not cite. (*Support, supra*, 89 Cal.App.3d at p. 704.)

Appellant relies, for instance, upon the precepts of *Goldberg* v. *Kelly* (1970) 397 U.S. 254, 260-261 [90 S.Ct. 1011, 1016-1017, 25 L.Ed.2d 287] (*Goldberg*), which held that an administrative hearing must be provided before AFDC benefits or other welfare benefits are denied or discontinued, since denial of the payments necessary to sustain life during the pendency of bureaucratic review would defeat the very purpose of such benefits. We agree that hearings under section 10950 are provided to welfare recipients and applicants in order to satisfy the *Goldberg* holding. However, neither *Goldberg* nor its reasoning supports appellant's position. The case before us, as we have discussed, does not concern an applicant or recipient of AFDC or other public assistance, who would be entitled to an administrative hearing under section 10950 and *Goldberg*.[3]

Appellant additionally relies upon the precept that "*expressio unius est exclusio alterius*" and she cites its application in *Sierra Club* v. *State Bd. of Forestry* (1994) 7 Cal.4th 1215, 1230 [32 Cal.Rptr.2d 19, 876 P.2d 505] (*Sierra Club*). The issue in *Sierra Club* concerned whether the Board of

---

[3]In addition, we find no due process violation here. The district attorney provided a written review of appellant's claims and a detailed accounting of the proceeds from the support enforcement action; more was not required to satisfy due process concerns. (Cf. *Goldberg, supra*, 397 U.S. at pp. 263-264 [90 S.Ct. at pp. 1018-1019].)

Forestry had the authority to require applicants for timber harvesting plans to conduct wildlife surveys. That case is unrelated to this one. Further, a proper application of the principle of *expressio unius est exclusio alterius* certainly does not aid appellant; instead, it undercuts her argument. Where there are expressed limitations, additional limitations will not be implied, unless there is a clear legislative intent to the contrary. Section 10950 provides for a right to a hearing to persons who are "applicants" or "recipients" and since appellant is neither, she is not entitled to a hearing under section 10950; *expressio unius est exclusio alterius.* It is also true, as appellant points out, that section 10950 excludes from those entitled to a hearing recipients of certain public services, such as persons who have state-paid "chore workers" in their homes to help with housekeeping. However, this does not logically support appellant's claim that a nonrecipient of any public social services or welfare payments, such as appellant, would be covered by section 10950. She is not.

We also reject appellant's suggestion that she is covered by section 10950 merely because she received the help of the district attorney in enforcing her order for support payments. Section 10950 is intended to govern the rights of an applicant or recipient of payments from such "public social services" as AFDC or other welfare programs, who contest the decision of a county welfare department regarding such benefits. The public social services to which section 10950 refers cannot consist merely of the assistance which any citizen is entitled to ask of the district attorney. It was certainly never intended that the section would provide a right to a hearing to every person who wanted something from or was helped by the district attorney, and the language of the statute does not support such a reading. (See *Support, supra,* 89 Cal.App.3d at p. 704.)[4]

In summary, appellant does not come within the administrative hearing right specified by section 10950 because she is not an applicant or recipient of public social services payments, and she is not contesting a decision of the county welfare department, which determines whether a person is entitled to such benefits. Instead, appellant is attempting to litigate a dispute with the

---

[4]After we raised the issue of the applicability of the *Support* decision at oral argument, counsel for appellant filed a motion to vacate the submission of this appeal, together with a belated letter brief attempting to distinguish *Support.* We deny the motion to vacate the submission, and find *Support* persuasive authority here. We note that although the *Support* decision dealt with a prior, slightly different version of section 10950, which has since been the subject of numerous minor amendments not relevant here, the definition of a "recipient" entitled to a hearing under section 10950 remains limited to an "applicant for or recipient of public social services . . . ." As we have discussed, appellant does not meet that definition because the help of the district attorney in enforcing a support order is not one of the "public social services" as to which a *former* recipient could obtain a hearing under section 10950. (See *Support, supra,* 89 Cal.App.3d at p. 704 & fn. 14.)

district attorney concerning the accounting for payments representing arrearages she claims were recovered from the father of her child, not payments from the county. In such circumstances, there is no right to a section 10950 hearing. (*Support, supra,* 89 Cal.App.3d at p. 704.)[5]

## III. DISPOSITION

The judgment denying the petition is affirmed.

Peterson, P. J., and Haning, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 16, 1997. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.

---

[5]In light of this conclusion, we need not and will not take judicial notice, as respondents request, of the decisions of other superior courts which have reached the same result we have. The decisions of other superior courts (one of which decisions is apparently the subject of a pending appeal in the Third District) do not have precedential value; the *Support* decision does, and we find it persuasive here.